ANTHONY HERBER vs. HALVOR CHRISTOPHERSON, impleaded, etc.

30 395
61 330

May 8, 1883.

Foreclosure—Redemption by Mortgagor's Assigns from Sale for Instalment.—Redemption from foreclosure sale by "assigns" of the mortgagor annuls the sale, and leaves the mortgage enforceable as security for instalments of the mortgage debt maturing subsequent to the former foreclosure; following *Standish* v. *Vosberg*, 27 Minn. 175.

Same—Mortgagor cannot Defend by Setting up Prior Foreclosure.— One may not defend an action by asserting facts or rights which do not concern him, and in which he has no lawful interest. A mortgagor, although in the possession of the mortgaged premises, will not be heard to oppose an action to foreclose the mortgage upon the mere ground that, by former foreclosure proceedings, the lien of the mortgage was extinguished and the equity of redemption foreclosed.

Same—Judgment for Deficiency—Jury Trial.—Judgment against the mortgagor for a deficiency in such action sustained, he not denying the indebtedness nor asking a jury trial.

Appeal by defendant Christopherson from a judgment of the district court for Scott county, *Macdonald*, J., presiding, in an action brought against appellant and one William Cressey and his wife. The case is stated in the opinion.

*Ueland & Shores*, for appellant.

The foreclosure for the first instalment exhausted the lien of the mortgage, and the sale was not annulled and the lien restored by Cressey's redemption, for he, being a mere equitable mortgagee, (*Hill* v. *Edwards*, 11 Minn. 5, (22;) *Holton* v. *Meighen*, 15 Minn. 50 (69;) *Weide* v. *Gehl*, 21 Minn. 449; *Archambau* v. *Green*, Id. 520; *Benton* v. *Nicoll*, 24 Minn. 221,) was not an "assign" of the appellant, but a "creditor having a lien," and as such only entitled to redeem. *Watkins* v. *Hackett*, 20 Minn. 92, (106;) *Nopson* v. *Horton*, Id. 239, (268.) The lien of the mortgage being thus divested, the plaintiff cannot maintain an action to foreclose, and in such action obtain a judgment against the appellant for a deficiency, instead of resorting to his action at law on the mortgage notes, in which action the ap-

pellant would be entitled to a jury trial as of right. It is true the appellant does not, in this action, plead any defence affecting his liability on the notes, nor was it necessary. One good defence to this action is enough; and if the present action is unfounded, there is nothing to show that appellant will not be able successfully to defend an action on the notes.

*Henry Hinds* and *Henry Hinds, Jr.*, for respondent.

DICKINSON, J. The defendant Christopherson, being the owner of certain lands, mortgaged the same to plaintiff, to secure the payment of a debt of $1,500, payable in 10 annual instalments. The first instalment becoming due, the plaintiff foreclosed the mortgage by advertisement, and, at the foreclosure sale, on the 21st day of February, 1879, he purchased the mortgaged premises for the sum of $321.64. On February 20, 1880, Christopherson executed to defendant Cressey a deed of conveyance of the land, absolute in form, but for the purpose of securing the payment of money then borrowed from Cressey. At the same time, and as part of the same transaction, Cressey executed to Christopherson a contract for the reconveyance of the land, upon payment of the debt. This deed and contract were not recorded until October, 1881. It appears that Cressey redeemed from the mortgage sale made February 21, 1879, but it does not appear on what day he made redemption, excepting that the sheriff's certificate was dated February 20, 1880. Neither is the fact disclosed whether Cressey assumed to redeem by virtue of his deed alone, and as a grantee of the fee, or, in his real character of equitable mortgagee, as a creditor having a lien. No other redemption appears to have been made. In September, 1880, plaintiff procured from Cressey, for a valuable consideration, a warranty deed of conveyance of the land to himself.

Christopherson being still in possession of the property, the plaintiff then commenced this action to foreclose the mortgage given to himself, for unpaid instalments which had matured subsequent to the former foreclosure; seeking, also, the usual judgment for deficiency against his mortgagor, Christopherson. The defence interposed by Christopherson rested only upon the grounds that, by the former foreclosure, the plaintiff's mortgage security was exhausted,

and that, if the lien of the mortgage was not thus determined, it was merged in the fee conveyed by the deed from Cressey. Judgment for the sale of the mortgaged premises, and application of the proceeds, and for any deficiency in the debt which might remain, was awarded in the usual form, and from the judgment Christopherson appeals.

It is not questioned here that Cressey's redemption was valid. If he is to be regarded as an "assign" of Christopherson, and to have redeemed as such, the redemption annulled the foreclosure sale, and left still subsisting and effectual the lien of the mortgage as security for the instalments maturing subsequent to the former foreclosure. *Standish* v. *Vosberg*, 27 Minn. 175. In that view of the case the right of the plaintiff to foreclose by this action is obvious.

The appellant, however, claims that the redemption is to be regarded as having been made by "a creditor holding a lien upon the property;" and such, in fact, was the legal relation of Cressey with respect to Christopherson and to the property. Assuming this to have been the case, what was the result? The appellant's title was divested, his equity of redemption foreclosed, his right of possession terminated. Cressey became the absolute owner of the mortgaged premises, and might have recovered possession by ejectment, or by summary proceedings under the statute relating to forcible entries and unlawful detainers. By the conveyance from Cressey to this plaintiff, the latter acquired the fee and the right of immediate possession. The appellant does not, upon his own theory of the case, assert or show any remaining right respecting either the title or the possession. Having no remaining estate or interest in the property, it does not concern him that it is subjected to this proceeding of foreclosure, and sold pursuant to the judgment. One may not defend an action by asserting facts or rights which do not concern him, and in which he has no lawful interest. *City Bank of New Haven* v. *Perkins*, 29 N. Y. 554; *Campbell* v. *Erie Ry. Co.*, 46 Barb. 540; *Flint* v. *Craig*, 59 Barb. 319. The plaintiff, prosecuting this action upon the predicated fact of a mortgage still subsisting, with the consequent right of redemption in the mortgagor, the latter might, standing in the position thus accorded him by the plaintiff, resist the

foreclosure by making any legal defence not inconsistent with the existence of such right of redemption; but a defence is unavailing to him, the essence of which is that he has been already divested of all estate and equity in the subject of the action by a former foreclosure, and the vesting of the property and right of possession in another.

The appellant suggests that the judgment is prejudicial to him, in that it requires him to surrender possession to the purchaser at the expiration of one year from the time of the foreclosure sale. Upon the facts before us, if this foreclosure is unauthorized and the judgment erroneous as to the appellant, it is only because of the former foreclosure, whereby he was divested of all his interest in the property. If he neither has nor claims to have any legal or equitable interest in the property, and no right of possession, but stands in the situation only of a mortgagor in possession after a valid foreclosure and the expiration of time to redeem, it is not apparent upon what principle he can ask the reversal of a judgment, the effect of which may be to require him to surrender possession to the rightful owner a year hence.

Again, it is contended that the appellant is prejudiced by the judgment for deficiency; that, since there was no subsisting mortgage to be foreclosed, an equitable action ought not to have been prosecuted against him, and a judgment for money thus recovered; that he should have had a jury trial upon his liability to the plaintiff for the debt. These things cannot avail the appellant; at least, as the case now stands. He does not deny his legal liability, and, by not denying it in his answer, he is to be deemed to have admitted it. He has not asked for a jury trial, and should not now be heard to question the validity of the judgment upon that ground. *Greenleaf* v. *Egan*, *ante*, p. 316.

Judgment affirmed.