# Commissioners Court of Perry County *et al. v.* Medical Society of Perry County *et al.*

## *Bill in Equity for an Injunction.*

1. *Right of medical society to maintain bill against commissioners court and others, to enjoin payment of fees for vaccination.* The Medical Society of the County of Perry, alleged to be "a corporation organized under the charter of the Medical Association of the State of Alabama," and certain named persons, "members of said society and practicing physicians of Perry county," as individuals, can not maintain a bill in equity against the commissioners court of Perry county, the judge of probate and treasurer, respectively, of said county, and a certain named person whom the commissioners court had employed to vaccinate the citizens of Perry county, for the purpose of restraining the defendants from collecting money out of and through the commissioners court for vaccinating persons, under the contract made and entered into between them, and from issuing a warrant for the payment of such sums and from allowing said amount, or paying said sum out of the treasury of said county.

2. *Same; right of individual complainants.*—Nor can the individual complainants in such a bill, considered apart from the Medical Society, maintain the bill and be entitled to the relief sought, where it is not alleged and shown that they were citizens and tax-payers of said county, or that they were property owners and tax-payers therein.

3. *Same.*—The medical society of a county has no such interest in the disposition the lawfully constituted authorities of a county may make of any funds, and can not, therefore, be damaged or in any wise prejudiced by any appropriation of

[Commissioners Court of Perry County *et al.* v. Medical Society of Perry County *et al.*]

> such funds, authorized or not, which the commisisoners court
> of said county may determine upon; and, therefore, such
> medical society can not maintain a bill to enjoin the county
> officers from the disbursement of county funds; and especially
> is this true where it is not alleged or shown that the pay-
> ment proposed will, in any way, injure the said society; or
> that said society is not interested in the money proposed to
> be paid which will be lost by such payment, or would in any
> respect, be affected in its property or rights by such payment.

APPEAL from the Chancery Court of Perry.

Heard before the Hon. THOS. H. SMITH.

The bill in this case was filed by the appellees against the appellants. The purpose of the bill and the facts of th case are sufficiently stated in the opinion.

The defendants demurred to the bill upon the following grounds: "1. The stating part of said bill of complaint is not divided into sections and numbered consectutively 1, 2, 3, etc., as required by the rules of chancery practice. 2. For that it does not appear by said bill that the complainants or either of them have any right to bring said suit, for that said bill does not allege that said Medical Society of Perry County is a corporation organized under the laws of Alabama, and that the other complainants have an interest in the subject-matters of said bill of complaint. 3. For that it does not appear by said bill that the said complainants, J. B. Hatchett, O. L. Shivers and F. B. Thompson, have been injured by the subject-matter of said bill of complaint. 4. For that it appears by said bill that the said Commissioners Court of Perry County had jurisdiction of the subject-matter of said bill, and that the payment of the money for vaccinating the people of Perry county, under the facts stated in the bill, was within the discretion of the said Commissioners Court of Perry county. 5. For that it appears by the said bill of complaint that the said Hendon was acting under said employment with said Commissioners Court and was protecting thereby the lives and health of the citizens of Perry county. 6. For that it appears by the said bill of complaint that the said

Hendon had performed work and labor for the county,
under and by virtue of said contract of employment
by and between said Hendon and said Commissioners
Court, and said bill of complaint does not allege that
said work was of no value and does not allege how
much work had been done by said Hendon, under said
employment, at the time of the filing of said bill of
complaint. 7. For that said complainant does not al-
lege that the said Hendon had not performed any work
under said contract of employment. 8. For that said
bill does not allege that the said Hendon had not vaccin-
ated any of the people of Perry county at the time stat-
ed in said bill; when it was necessary to vacinnate the
people of Perry county living near the persons in-
fected with said smallpox. 9. For that the bill of
complaint is inconsistent and contradictory in that in one
part of said bill it alleges, in substance, that the appoint-
ment of said William T. Hendon to vaccinate the peo-
ple of Perry county, by the Commissioners Court of
Perry county, crippled and injured the said complain-
ant, the Medical Society of Perry County, in the per-
formance of its duties, and in other parts of said bill
states that said appointment of said Hendon by said
court was illegal and void. 10. For that the said
J. B. Shivers, as judge of probate of said county, had
no such interest in the matter of litigation in this suit
as will permit him to be a party thereto. 11. Because
the Commissioners Court of Perry County can not be
made a party defendant to this suit. 12. Because no
community of interest is shown between said complain-
ant, the Medical Society, and the other complainants."

From a final decree overruling the demurrer and
granting the relief prayed for, the defendants appeal,
and assign the rendition of said decree as error.

W. T. HENDON and LOMAX, CRUM & WEIL, for appel-
lants.—The complainants in this case had no standing
in the chancery court, and were not entitled to the re-
lief prayed for.

Under the widest construction of the power con-
ferred upon the Medical Society and the Board of

Health, it cannot be contended that it is a part of the official functions or duties of either body to "sue for the correction or prevention of public abuses, committed or threatened, by other officers or individuals," and such is the clear, manifest and only purpose of the bill in this case.—*Hays v. Ahlrichs,* 115 Ala. 239. There is no averment that either of the complainants is a property holder or tax payer, and, without such averment, they cannot be heard to invoke the aid of equity for the purpose sought in their bill. The detained.—*Railroad Co. v. Dunn,* 51 Ala. 128; *McCord v. Pike,* 2 Am. St. Rep. 85, and authorities cited in note.

Again, there is no sufficient averment in the bill that the Medical Society of Perry County is a corporation nor that the Board of Health is a corporation, and the sworn answer denies the corporate existence of both these bodies, and under the authority of *Schloss & Kahn v. Montgomery Trade Co.,* 87 Ala. 411, this required proof at least of the incorporations of both concerns, and there being no proof of either, they must fail in their suit. But, pretermitting this matter for the present, the insufficiency of the averments of the bill in this regard, was squarely raised by the demurrers, and such demurrers should have been sustained, and, if sustained, such action was fatal to the bill in its present shape. *Schloss & Kahn v. Montgomery, supra; Ex parte Collins,* 49 Ala. 69; *Reid v. McLeod,* 20 Ala. 576; *Moore v. Burns,* 60 Ala. 269.

The people afflicted with the disease, and those liable to become infected, were poor and indigent, and, unless taken care of by the county, would have been unable to secure the necessary assistance, medicine and attention. These facts being true, it is submitted, that they furnish a complete answer to the bill of complaint, and demonstrate that the complainants had no right to injunctive relief. It is, at best, but an effort on the part of a *quasi* public body, charged by statute with certain specific duties and upon which the power of an executive body has never been conferred under the statute, seeking by injunc-

tion to restrain the action of the legally constituted
Court of County Commissioners in attempting to per-
form a contract made by said court in the exercise of
its public functions for the care of the poor and indi-
gent people of the county and in paying out money
of the county, over which the said court has exclu-
sive control, upon a claim for work and labor actu-
ally done and which is just, equitable and past due,
because the making of said contract and the payment
of said money had not been assented to beforehand
by the parties complainant, whose assent thereto was
neither authorized nor required by law.  Surely un-
der such a state of facts, there can be no office for
the writ of injunction, and the decree of the chancellor
making   said   injunction   perpetual   should   be   re-
versed, and a decree here rendered dissolving the in-
junction and dismissing the bill.—*Brasher v. Miller,*
114 Ala. 485; *Hays v. Ahlrichs,* 115 Ala. 239; *City of
Selma v. Mullens,* 46 Ala. 411; *Benton v. Taylor,* 46
Ala. 388; *Henry v. Cohen,* 66 Ala. 382; *Grayson v.
Latham,* 84 Ala. 546; *Somerville v. Wood,* 115 Ala.
534; *Savage v. Matthews,* 98 Ala. 535; Code of Ala-
bama, 1896, §§ 3 and 5; Code of Alabama, §§ 2431,
2432;  3  Brick. Dig., 352, §  303, and authorities
there cited.

J. H. STEWART and FRANCIS L. PETTUS, *contra.*—As to
the appointment of officers and servants to carry
out the provisions of chapter 58 of Code of Alabama
the reading of section 2432 is in itself sufficient ar-
gument.  The law provides this Medical Board shall
have   the   exclusive   right   of   appointment.   This
statute necessarily prohibits the commissioners court,
with which this board must act in the enforcement
of these laws, from making such appointments.  Res-
ident tax-payers have the right to invoke the inter-
position of a court of equity to prevent the illegal cre-
ation of a debt which they in common with the other
tax-payers may be compelled to pay.  An injunction
is the proper remedy, and tax-payers need not al-
lege any special damage.—10 Am. & Eng. Ency. of

Law, 962, 963; *N. O. & M. R. R. Co. v. Dunn,* 51 Ala.
134. These authorities hold that Shivers, Hatchett
and Thompson may, by bill, enjoin the illegal creation
of a debt by the commissioners court or payment of
an illegal debt by said court.—*Hays v. Aldrichs,* 115
Ala. 239.

When a person, without the direction or assent of
the proper authorities of the county, voluntarily per-
forms services for the county, he has no legal demand
against the county for compensation therefor.—7 Am.
& Eng. Ency. of Law, 947. Parties dealing with coun-
ties must take notice of the limit which the people
of their discretion have prescribed for the county. In
debtedness and no plea of ignorance or hardship can
be allowed to prevail.—7 Am. & Eng. Ency. of Law
(1st ed.), 931. The phrase, municipal corporation, is
used in two distinct senses in our State Consti-
tution. In its more general sense it may be made to
include both towns and counties and other public cor-
porations created by government for political pur-
poses.—*Dunn v. Commissioners,* 85 Ala. 144.

The commissioners court is a court of record of
limited statutory jurisdiction intrusted to the county.
*Com. Court v. Moore,* 53 Ala. 25.

If the court allows a claim not properly and legally
chargeable to the county, or which it was not au-
thorized to allow, it exceeds the powers with which it
is intrusted under the act of incorporation, and its
acts are *ultra vires* and void.—*Com. v. Moore,* 53
Ala. 25.

The commissioners court in auditing and allowing
claims against the county performs an executive and
not a judicial act.—*Ib.* 53 Ala. 25.

The commissioners court was prohibited from any
contract with Dr. Hendon for the performance of the
services described in the bill; and the making of such
contracts was and is given exclusively to the county
board of health. The court, therefore, can only pay
such persons as were engaged by the board of health.
Any other contract made by any other person or
board is invalid and void.—Code of 1896, § 2433.

[Commissioners Court of Perry County *et al.* v. Medical Society of Perry County *et al.*]

McCLELLAN, C. J.—This bill was filed and prosecuted to final decree in their favor by The Medical Society of Perry County, O. L. Shivers, J. B. Hatchett and E. B. Thompson. The capacities in which these parties sue appear from the opening statement of the bill, which is as follows: "Humbly complaining showeth unto your Honor, your orators, The Medical Society of the County of Perry—a corporation organized under the charter of the Medical Association of the State of Alabama—that it is and constitutes a component part of said Medical Association of the State of Alabama, also O. L. Shivers, J. B. Hatchett and E. B. Thompson, who are practicing physicians of said county and members of said Medical Society and constitute the Board of Health of said county, who sue as individuals in this proceeding." The respondents to the bill are the Commissioners Court of Perry county, J. B. Shivers and W. W. Crawford, judge of probate and treasurer, respectively, of said county, and William Hendon, Jr. The bill proceeds on the theory that the medical society of the county had the exclusive right and power to appoint or employ persons to vaccinate the people and fumigate the houses, etc., etc., in prevention of the spread and stamping out the contagion of smallpox, which had broken out in one section of the county, and that the commissioners court had no such power or authority; and avers that notwithstanding such want of power in said court that body had employed William Hendon, Jr., to perform that service at a salary or wage of one hundred dollars per month, and that said Hendon was proceeding to perform his part of the contract, etc., etc. The prayer of the bill is as follows: "That said William Hendon be enjoined from performing said contract, * * * that said J. B. Shivers, as judge of probate and said commissioners' court, and said W. W. Crawford, as treasurer of said county, be each enjoined by writ of injunction, * * * from issuing, allowing said claim to said Hendon for such illegal services, from issuing any warrant on the county treasurer for the amount of said services and from

paying said warrant or claim out of the funds in the hands of said county treasurer belonging to the county of Perry, and that said Hendon be restrained from collecting said claim for his services performed under said illegal contract out of the funds belonging to Perry county; and that at the final hearing that each said parties be perpetually restrained by the decree of this court from paying said claim or collecting the same; and that complainant may have such other, further and different relief as may consist in equity and good conscience and to your Honor may seem meet and just in the premises." A preliminary injunction was issued on the filing of the bill. The bill was demurred to on many grounds, all the respondents answered, the evidence was taken and the cause was submitted on bill, demurrers, answers and testimony for final decree. The chancellor overruled the demurrer, granted the final relief specially prayed and decreed "that the injunction issued in this cause to restrain the respondents * * * from collecting money out of and through the Commissioners Court for vaccinating persons under a contract made and entered between them, and from issuing a warrant for the payment of such sum, and from allowing said amount and from paying said sum out of the treasury of said county, be made perpetual." It was averred in the answers and proved on the hearing that Hendon completed the performance of his contract on the day the bill was filed; so that no case was made for an injunction perpetually restraining him from further services under the contract, and no such relief was granted, the preliminary injunction going only to prevent payment to him for services rendered under the contract out of the county treasury, and the final decree only perpetuating the preliminary injunction. It is, therefore, manifest that the case involves only the question whether the Medical Society of Perry County and O. L. Shivers, J. B. Hatchett and E. B. Thompson "members of said society and practicing physicians of Perry county" as individuals have any standing in a court of equity to

restrain the commissioners court, the probate judge
and the treasurer of Perry county, or any of them from
paying out moneys belonging to the county under
any circumstances whatever.　We are clear to the
conclusion that these complainants have no such
standing or right, and that on the final hearing the
relief prayed should have been denied and the bill
should have been dismissed wholly regardless of the
validity *vel non* of the contract between the commis-
sioners' court and Hendon.　It is too plain for argu-
ment that the Medical Society of Perry County—even
assuming it to be a corporation with capacity to sue
and to be vested with the statutory powers and duties
in respect of public health, questions none of which
we decide here—has as such no interest whatever in
the dispositions the constituted county authorities may
make of county funds, and cannot be damnig d or in
anywise prejudiced by any appropriation of such funds,
authorized or not, which the commissioners court
may determine upon.　Whatever may be the powers
in other respects of the medical society of a county
under the statute, it is clear beyond cavil that they
have no power in their corporate capacity, if they are
corporations, "to sue for the correction or preven-
tion of public abuses committed or threatened by"
county officers in the disbursement of county funds.
*Hays et al. v. Ahlrichs et al.*, 115 Ala. 239.　The bill
makes no attempt to show that this medical society
will be in any way injured by this proposed payment
to Hendon.　It does aver that the commissioners
court by making the contract with Hendon "has crip-
pled and injured this board of health in the perform-
ance of its duties under the laws of this State."　But
the bill does not seek to annul the contract and no
such relief is granted.　On the answer and proof the
contract had been fully executed, and however much
the making of it may have crippled and injured the
board of health it is impossible to conceive how re-
lief by injunction could be had.　You cannot enjoin
the making of a contract which has been already made,
and you cannot restrain the performance of a con-

tract after it has been fully performed. And, moreover, the conclusion of this complainant that it has been "crippled and injured in the performance of its duties under the laws of this State" by the action of the commissioners court in making this contract would be entirely insufficient as pleading to show any crippling or injury. The facts must be stated. It is nowhere alleged nor in any way shown that the payment proposed to be made to Hendon will even cripple or injure this complainant, and it is in no way shown nor attempted to be shown that the medical society has any interest in the money to be paid Hendon which would be lost by such payment, or any interest in the question of such payment, or would be in any respect affected in its property or rights by such payment. The society is without interest in the case made at the hearing, and should not have been awarded relief.

This is sufficient to dispose of the case, even though the individual complainants were entitled to prosecute this bill, on the principle that all the complainants must recover or none can. But the individual complainants, considered apart from the medical society, have no title to the relief sought and granted. They, too, so far as the bill shows, are without interest in the premises. It is not alleged that they are citizens and tax payers of Perry county, nor that they are property owners and taxpayers therein. They cannot be injured by illegal uses of the county's money and have no equity to restrain such uses.

The decree below is reversed and a decree will be here rendered denying relief and dismissing the bill.

Reversed and rendered.