Kelley v. Forney.

---

## T. O. KELLEY v. JERRY FORNEY.
### No. 15,990.
### SYLLABUS BY THE COURT.

CORPORATIONS—*Ultra Vires Contract—Defense Not Available to a Stockholder—Forcible Detainer*. In an action of forcible entry and detainer, brought by the lessee of a corporation to recover possession of the leased property, a defendant whose right of occupancy has expired can not question the power of the corporation to execute the lease. The fact that he is a stockholder gives him no right to raise the question of *ultra vires* in a proceeding of that character.

Error from Marion district court; OSCAR L. MOORE, judge. Opinion filed May 8, 1909. Reversed.

*W. H. Carpenter,* and *Thomas O. Kelley,* for the plaintiff in error.

*L. F. Keller,* and *J. S. Dean,* for the defendant in error.

10—80 KAN.

The opinion of the court was delivered by

MASON, J.: The Marion Auditorium Association is a corporation, organized in 1904 under the laws of this state, the purposes of which are thus stated in its charter: "To lease or purchase a site in Marion, Kansas, and to erect a building thereon, and furnish same in a proper manner; and for the support of literary and scientific lectures, and public entertainments, and the promotion of music and other fine arts; and a place for all kinds of public meetings, innocent sports and amusements." Shortly after its organization it procured a site and erected an auditorium, of which Jerry Forney was made manager. In 1906, by its board of directors, it executed an instrument undertaking to lease the building (with some restrictions as to its use) for an annual rental of $250 to T. O. Kelley for a period of five years, which might at his option be extended for five years more. The board also made an order abolishing the office of manager. Forney, however, claimed to be in possession of the property and refused to vacate it. Kelley thereupon brought an action of forcible entry and detainer against him, which was taken to the district court on appeal. There a demurrer was sustained to the evidence of the plaintiff, who prosecutes error.

The defendant's claim, upon which the ruling complained of was based, is that the auditorium association was not a purely private corporation, but was charged with duties to the public which it could not avoid; and that the lease it executed involved an attempted evasion of its obligations in this regard and was therefore an absolute nullity for all purposes, and gave the lessee no right upon which he could maintain an action. It has often been held that a public-service corporation, such as a railway company, can not without express legislative consent lease property which is necessary to the exercise of its public functions and

thereby escape responsibility for their proper perform-
ance. (10 Cyc. 1092, 1095, 1152; 7 A. & E. Encycl. of
L. 747; 29 A. & E. Encycl. of L. 63.) It may well be
doubted whether the description above given of the
purposes for which the auditorium association was
chartered shows it to be a *quasi*-public corporation of
the class to which the principle invoked would under
any circumstances be applicable. But waiving that
consideration, Forney's contention must fail for the
reason that he has no standing to question its authority
to execute the lease. In *Harris v. Gas Co.,* 76 Kan. 750,
this court held that ordinarily the question whether a
corporation has exceeded its powers in entering into a
contract can be raised only by the state or by a stock-
holder. But it is not necessary for the purposes of the
present case to invoke that doctrine. The general rule
is that "a stranger to the transaction, and [one] to
whom the corporation owes no duty, can not set up
the question of want of authority in the corporation."
(29 A. & E. Encycl. of L. 80. See, also, 10 Cyc. 1166,
and cases collected in 12 Cent. Dig. cc. 1593-1598; 5
Dec. Dig., pp. 1099-1101.) It is true that Forney ap-
pears not only to have been a stockholder in the cor-
poration but to have owned a majority of the stock.
If his rights in that capacity were invaded by the lease
he might have attacked its validity in an appropriate
proceeding. But an action of forcible entry and de-
tainer is not of that character. It is designed only to
provide a summary inquiry into the right of immediate
possession. The ownership of stock gave Forney no
right of direct control of the property, and no stand-
ing to challenge the power of the association to execute
the lease. Whatever possessory right he ever had was
due to his having been selected as manager. The order
of the board of directors abolishing that office, not be-
ing shown to have been invalid, must be deemed to have
terminated that right. Whether or not the corporation
in executing the lease violated any duty it owed to the

state or to its stockholders, it violated none that it owed to Forney in any capacity affecting his right to retain control of the property. The evidence therefore tended to establish the plaintiff's cause of action and the demurrer to it should have been overruled.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.