JOHN JOHNSON v. RONALD J. MAC LEOD and Another.[1]

July 22, 1910.

Nos. 16,594—(183).

**Injury to servant — charge to jury — conflict between judge's memorandum and affidavit.**

Plaintiff, engaged in dumping materials excavated from a cellar into a wagon by means of a large steel bucket, put his hand behind its supporting bail. The bucket dumped. Its rear end, in tipping up, passed through the clearance between it and the bail. Plaintiff's hand was caught and hurt. The jury found for the defendant. It is *held:*

1. The evidence sustains the verdict.

2. The rulings of the trial court on evidence contain no reversible error.

3. The court charged, among other things: "The court charges you that when the plaintiff went to work for the defendants in the work of dumping

[1]Reported in 127 N. W. 497, 1120.

this bucket, he assumed all the risks and dangers that were incident to that work, which were known to him or could have been known to him by the exercise of ordinary care or observation on his part, and to the doing of the work in the way it was being done and with the appliances that were there furnished."

(a) This was improper. "The true test is not in the exercise of care to discover dangers, but whether the defect is known to or plainly observable by the employee." Choctaw O. & G. R. Co. v. McDade, 191 U. S. 64; Rase v. Minneapolis, St. P. & S. S. M. Ry. Co., 107 Minn. 260, 271, 272, followed and applied.

(b) On a construction of the charge as a whole, however, and in view of especially proffered opportunity to correct it before the jury retired, and in view of the circumstances presented, it is *held* that the case falls within the rule of Steinbauer v. Stone, 85 Minn. 274.

4. The conflict between the memorandum of the trial judge and affidavit for the plaintiff as to the conduct of the trial is here controlled by the memorandum.

Action in the district court for St. Louis county to recover $5,000 damages sustained while employed by defendants. The complaint alleged that defendants negligently failed to furnish plaintiff with a safe place in which to work and to warn plaintiff of the dangers incident to the work, and adopted a dangerous method of doing the work. The facts are stated in the opinion. In their answer defendants admitted that they employed a large number of men and the ordinary and proper appliances in and for doing such work; admitted that plaintiff was in their employ at that time and that he received certain injuries, but denied that they were caused through any negligence on their part. The case was tried before Ensign, J., and a jury which returned a verdict in favor of defendants. From an order denying a motion for a new trial, and from another order denying a motion to correct the judge's memorandum and for a new trial on the settled case and discharging an order to show cause, plaintiff appealed. Affirmed.

*O. J. Larson* and *M. E. Louisell,* for appellant.
*Howard T. Abbott,* for respondents.

JAGGARD, J.

Plaintiff and appellant, employed as a laborer in excavation

work, was directed to help dump large steel buckets filled with materials from a cellar, raised by hoisting apparatus and dumped into wagons. A clutch on the bucket, when raised, was hit by a man with a hammer, and released. The bucket then tipped forward over the wagon and deposited its contents in the box. Plaintiff had assisted in dumping a number of buckets. He stood on the wagon, aided in steadying the bucket, and, after its contents were released, helped trip the bucket into its upright position. At the time of the accident here involved the bucket was ready to be emptied. An assistant had released the clutch. The injured man had placed his hand on the edge of the bucket behind the supporting bail, so that, when the bucket dumped, its rear end, in tipping up and passing through the clearance between the bucket and the bail, caught plaintiff's fingers and inflicted the damages for which recovery is here sought. No platform had been furnished plaintiff to stand on when engaged in this business. He had worked not to exceed an hour when he was hurt, and had had no previous experience. The jury returned a verdict for defendant. This appeal was taken from the order of the trial court denying plaintiff's motion for a new trial.

1. The first group of assignments of error is addressed to the insufficiency of the evidence to sustain the verdict for defendant. Plaintiff reviews the testimony as to the instrumentalities furnished, the place of work, and the method of operation. In view of plaintiff's inexperience, and of the inherent improbability that, if he had been repeatedly warned just before he was hurt, he would have deliberately and voluntarily put his hand in a known place of danger, with the certainty of receiving serious injury, he concludes that the verdict was not justified by the evidence. The jury was, however, the natural and appropriate tribunal to determine this controversy. The record fully justified the trial court in receiving that verdict and in refusing to disturb it.

2. The next group of assignments is addressed to rulings of the court on evidence. The only question arising from these assignments of any moment concerns the exclusion of answers to inquiries intended to prove that it was practicable and feasible to have a rope attached to the bucket in question. It does not appear to us from

111 M.—31.

the record, nor were we able to perceive that counsel could point out, wherein the presence of the rope would have prevented the accident in question. We would not, accordingly, be justified in holding that prejudicial error appears.

3. The gist of the controversy concerns alleged errors in the charge. Of these one is typical: (1) "The court charges you that when the plaintiff went to work for the defendants, in the work of dumping this bucket, he assumed all the risks and dangers that were incident to that work which were known to him, or could have been known to him by the exercise of ordinary care or observation on his part," (2) "and to the doing of the work in the way that it was being done and with the appliances that were there furnished." (The figures are ours.)

It is apparent that, if this were all the court said on the subject, reversible error would undoubtedly have appeared. It is beyond controversy that the law does not impute to the servant knowledge and appreciation of the risk resulting from the exercise of care of the ordinarily prudent man. "The true test," as was said in Choctaw, O. & G. R. Co. v. McDade, 191 U. S. 64, 24 Sup. Ct. 24, 48 L. Ed. 96, "is not in the exercise of care to discover dangers, but whether the defect is known to or plainly observable by the employee." The same error was involved in a later charge assigned as error, wherein it was held that plaintiff assumed the risk of the dangers he did or could have seen and appreciated. This was likewise error. Rase v. Minneapolis, St. P. & S. S. M. Ry. Co., 107 Minn. 260, 120 N. W. 360, 21 L. R. A. (N. S.) 138. And see Mitchell, J, in Scharenbroich v. St. Cloud Fiber-Ware Co., 59 Minn. 116, 121, 60 N. W. 1093. That is, in order to assume the risk, he must have understood, or "by the exercise of common observation" he ought to have understood. It is the master's, and not the servant's, duty to exercise ordinary care in the discovery of dangers in the instrumentalities with which, and the place at which, the servant is at work. The second portion of the charge, standing by itself, was also an improper statement of the rule on the subject.

The question then arises whether this admitted error is proper cause for reversal. The court subsequently, however, gave a correct

charge: "The servant assumes the obvious and ordinary risks and dangers of his employment; those that are open, obvious and that he can see." The court charged also fully and correctly as to the duty of the master to exercise care and caution not to expose the servant to unnecessary risks and dangers. The court, moreover, in its memorandum sets forth: "At the close of the evidence, and before the court charged the jury, the jury was excused from the room, and each of the requests to charge, both the plaintiff's and the defendants', were reviewed by the court and the respective counsel. The court invited discussion, objection, or suggestion regarding each and all of the defendants' requests to charge, and no objections at that time were made by plaintiff's counsel to any of the defendants' requests to charge which the court subsequently gave, and no suggestions were made in reference to the substance of the wording of any request to charge which the court gave on the ground that it might be misleading or otherwise."

It is true that this memorandum is in some respects contradicted by an affidavit for plaintiff. The memorandum, however, controls us. The court then charged the jury. To its charge defendant then took no objection. The assignments of error here presented for the first time appeared in the motion for a new trial. To the circumstances thus presented we think the rule in Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754, should be applied. In Waligora v. St. Paul Foundry Co. 107 Minn. 554, 119 N. W. 395, the court erroneously charged that it was the master's duty to furnish a reasonably safe place in which to work, instead of charging that it was the master's duty to exercise due care in the matter of furnishing a reasonably safe place in which to work. This court pointed out that this inaccuracy in language was customary, had the sanction of judicial usage for many years, and that to its use the rule in Steinbauer v. Stone applied. The trial court's misuse of language in this case was, we admit, of much more significance. The master in the former case without doubt owed some duty; that duty was merely misstated. In the case at bar the duty of exercising due care to inspect the situation, or to discover danger, was imposed, not on the servant, but on the master. The instruction, taken as a whole, was much more

misleading than in the Waligora case. In view, however, of other portions of the charge, and of plaintiff's failure to avail himself of the proffered opportunity to correct the error he now complains of, and in view of the circumstances of the case previously detailed, we are constrained to hold that the conclusion of the trial court should not be disturbed.

Other errors are assigned by the plaintiff. We have examined them all. None of them call for detailed consideration. Individually or collectively they do not justify reversal.

Affirmed.

On November 4, 1910, the following opinion was filed:

PER CURIAM.

For the first time our attention is directed to the fact that two motions for a new trial were made by the plaintiff. Hence no reference was made thereto in the original opinion. The first motion was expressly made "upon the minutes of the trial court and the notes of the stenographer and upon all the files and records in said case." The court denied this motion and attached to its order the memorandum to which reference is made in the original opinion herein. Thereupon plaintiff served notice of appeal. Subsequently plaintiff made a motion in the trial court that the memorandum attached to its order denying a new trial be stricken from the files or in default thereof the same be corrected; that the court grant leave to make a motion for a new trial in said cause on a settled case and for an order setting aside the verdict, and granting a new trial. This motion was accompanied by a notice of a motion setting forth among other things in detail the grounds set forth for granting a new trial. It was also accompanied by an affidavit stating among other things that according to the best recollections of counsel the plaintiff had objected to the phraseology of certain requests. The court denied this motion. It is evident that it was denied by the trial court in the proper exercise of its judgment. We have also re-examined the record in the light of appellant's reply brief and find no reason for changing the original opinion.

Original opinion adhered to.