# ORVILLE K. TITUS v. CROOKSTON LUMBER COMPANY.[1]

July 9, 1915.

Nos. 19,320—(179).

**Contributory negligence — question for jury.**
> Action for personal injuries. *Held* that the evidence made a question for the jury as to whether plaintiff failed to exercise proper care for his own safety.

Action in the district court for Beltrami county to recover $2,999 for personal injury received while in the employ of defendant. The case was tried before Stanton, J., who when plaintiff rested granted defendant's motion to dismiss the action. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*Carl L. Heffron,* for appellant.

*R. J. Powell, George T. Simpson, E. E. McDonald* and *Ernest C. Carman,* for respondent.

TAYLOR, C.

Plaintiff brought suit to recover damages for personal injuries and at the close of his evidence the court dismissed the action. He made a motion for a new trial and appealed from the order denying the motion.

Defendant has a spur track upon a trestle extending from the shore out into Lake Bemidji and runs logging trains out upon this track and there unloads them. Plaintiff was one of the crew engaged in unloading these logs in January, 1913. All the logs which he had assisted in unloading had been unloaded upon the north side of the trestle. There was a platform along the south side of the trestle upon which the men stood while dumping the logs upon the north side. Logs had been unloaded at one point on the south side forming a so-called rollway from the ice to the top of the trestle.

The top logs of this rollway, the top of the trestle and the platform were substantially at the same height. It had been determined to begin unloading logs upon the south side of the trestle on January 21, and for that reason the platform on that side was removed, but plaintiff, who had been working elsewhere at the time, did not know of such removal. When the crew went to work at seven o'clock on the morning of January 21, it was still quite dark. Snow had fallen during the night and was still falling. The men could see the trestle and cars when near them and could also see small objects indistinctly. The crew approached the trestle from the south. The car which plaintiff and his "partner" were about to unload was opposite the rollway on the south side above mentioned, and it was necessary for him to go to the north side of the car in order to "trip" the stakes upon the south side by means of a patent "tripping" device provided for that purpose. He went up to the car over the logs on the rollway and then turned and walked along the side of the car upon the top logs of the rollway in order to pass around the end of the car. The car extended about four feet beyond the end of the rollway. When he reached the end of the rollway, he stepped beyond the end of the logs expecting to step upon the platform which had previously been at the end of the rollway, but, as the platform had been removed, he stepped into space and fell and sustained the injuries for which he seeks to recover. Negligence is alleged in removing the platform without informing plaintiff of such removal. The learned trial judge was of opinion that plaintiff was guilty of a want of proper care for his own safety as a matter of law. Had plaintiff known of the removal of the platform, or had the light been sufficient so that a court could say that if he had looked he must have seen that the platform was not there, this would doubtless be true; but, under the circumstances disclosed by the evidence, we cannot say that it conclusively appears that such was the fact. We think that the evidence made a question for the jury and that it should have been submitted to them. Lyons v. Dee, 88 Minn. 490, 93 N. W. 899; Johnson v. MacLeod, 111 Minn. 479, 127 N. W. 497, 1120; Heydman v. Red Wing Brick Co. 112 Minn. 158, 127 N. W. 561.

Order reversed.