# FARMERS & MERCHANTS STATE BANK OF HUTCHINSON v. C. H. RUSH.[1]

November 20, 1925.

No. 24,849.

**Maker of note cannot defeat action on it by pleading and proving payee bank transferred it to plaintiff bank without authority.**

The maker of a promissory note, executed to a bank in which he is a stockholder, cannot defeat an action brought on the note by another bank, holding the same as the indorsee of the payee bank, on the ground that the transfer of the note was made pursuant to a contract for the consolidation of the two banks which was ultra vires.

See Banks and Banking, 7 C. J. p. 596, § 240 (Anno); Bills and Notes, 8 C. J. p. 801, § 1058.

Action in the district court for McLeod county to recover upon a promissory note. The case was tried before Tifft, J., who ordered judgment in favor of plaintiff. Defendant Rush appealed from an order denying his motion for a new trial. Affirmed.

*Daly & Barnard*, for appellant.

*Sam G. Anderson* and *Jamison, Stinchfield & Mackall*, for respondent.

LEES, C.

Action on a promissory note tried by the court without a jury. The findings were in plaintiff's favor. Defendant C. H. Rush appealed from an order denying his motion for a new trial.

The note was made payable to the defendant bank and was indorsed and delivered to the respondent bank. Prior to January, 1922, the two banks were separately engaged in business at Hutchinson. In January the directors of both banks met from time to time to consider a proposed consolidation. On February 2 a joint meeting of the stockholders was held, at which a resolution was adopted providing for the sale of the defendant bank and its assets

[1]Reported in 205 N. W. 951.

to the respondent and the assumption by the latter of the liabilities of the former. On February 7 the respondent received from the defendant bank a deed of its real estate and a bill of sale of its personal property. The defendant bank then ceased to do business, but is still incorporated and has a board of directors.

The appellant owned stock in and was indebted to the defendant bank, and the note in suit represents the indebtedness. There is no question about the execution of the note and the indorsement thereof to respondent with a guaranty of payment. Accordingly, there can be no doubt as to respondent's ownership of the note.

Appellant's principal contention is that the acts of both banks, intended to effect a consolidation, were ultra vires. Sections 7648, 7660 and 7679, G. S. 1923, are cited in support of this proposition. Respondent calls attention to section 7692, G. S. 1923, permitting the consolidation of banks with the consent of the public examiner, and contends that it is immaterial whether such consent was obtained because appellant cannot avoid payment of his note on the plea that respondent obtained it under a contract between the two banks into which they could not enter without exceeding their corporate powers. In other words, the contention is that a person, who has given his note to a corporation, cannot defeat an action on the note, brought by another corporation as indorsee, by pleading and proving that the first corporation transferred the note to the second without authority.

In some jurisdictions the rule obtains that only the state may call a corporation to account when it has acted in contravention of law. Certain cases referred to in section 2026, note 59, of Dunnell's Digest, indicate a tendency on the part of this court to adopt this rule. But in Olson v. Warroad Merc. Co. 136 Minn. 310, 161 N. W. 713, it was said that the stockholders, as well as the state, have interests to protect; and in State v. Minn. Thresher Co. 40 Minn. 213, 41 N. W. 1020, 3 L. R. A. 510, Judge Mitchell said:

"But, in case of excess of powers, it is only where some public mischief is done or threatened that the state, by the attorney general, should interfere. If, as between the company and its stock-

holders, there is a wrongful application of the capital, or an illegal incurring of liabilities, it is for the stockholders to complain."

And the courts generally hold that a stockholder may bring suit against the corporation to restrain or annul an ultra vires act. 14 C. J. p. 875. See also Small v. M. E. M. Co. 45 Minn. 264, 47 N. W. 797.

Our attention has not been called to any case holding that a person against whom a corporation had a valid claim can defeat an action prosecuted by the assignee of the claim to compel payment thereof by showing that, in assigning it, the corporation exceeded its powers.

Numerous cases holding that a recovery cannot thus be avoided are cited in respondent's brief, but appellant insists that none of them are in point because in each the defendant was a stranger to the corporation and not a stockholder therein. We are of the opinion that the duty to pay an acknowledged debt is the same whether the debtor is or is not a stockholder in the corporation to which the debt was originally payable. If the debtor is a stockholder, he may have the right in that capacity to enjoin the transfer of the debt by an act which would be ultra vires. But we think that the rights of stockholders may be asserted only in a direct proceeding against the offending corporation.

A person who is both a debtor of the corporation and a stockholder therein occupies a dual position, and the rights he may assert in one capacity are distinct and separate from those he may assert in the other.

We are unable to distinguish the case at bar from those cited by respondent. We think the same principal is applicable to cases such as this and to those where the debtor is a stranger to the corporation. A good statement of the principle, with a citation of the authorities, will be found in Winer v. Bank of Blytheville, 89 Ark. 435, 117 S. W. 232, 131 Am. St. 102, one of the cases cited in respondent's brief, to which Kelley v. Forney, 80 Kan. 145, 101 Pac. 1020, may be added. In the case first cited, the court quoted with approval the following statement in Joyce, Com. Paper § 95:

"The maker of a note is only interested in paying the same to one who is authorized to receive payment and to discharge him from liability, and the fact that a transaction between corporations in consequence of which the note held by one of the corporations has been transferred to the other was unauthorized does not constitute a defense by the maker."

In the second case the defendant was a stockholder in a corporation which had leased its property to the plaintiff, who brought an action against the defendant to recover possession of the property. It was held that the fact that defendant was a stockholder gave him no right to set up as a defense that the act of the corporation in leasing the property to the plaintiff was ultra vires.

No other points raised in the briefs require discussion.

The appellant failed to establish a defense and the order denying a new trial must be affirmed.