ELIZABETH SCHULTZ v. C. N. KROSCH.
ANCHOR CASUALTY COMPANY, GARNISHEE.[1]

March 17, 1939.

No. 31,827.

*C. L. Erickson* and *Oppenheimer, Dickson, Hodgson, Brown &
Donnelly,* for appellant.

*Leo J. Seifert,* for plaintiff-respondent.

PETERSON, JUSTICE.

This garnishment is to recover from the garnishee as insurer the
amount of a judgment for which plaintiff claims it is liable under
a policy of liability insurance issued on April 9, 1937, to Martin
county. The policy insured the county as the named insured

[1]Reported in 284 N. W. 782.

against damages to persons or property caused by the operation of a certain automobile. It contained a so-called omnibus clause defining the word "insured" so as to include "not only the named insured, but also any person while using the automobile * * * provided that the declared and actual use of the automobile is 'pleasure and business' or 'commercial,' each as defined herein, and provided further that the actual use is with the permission of the named insured." The occupation of the named insured was given in the policy as "Municipality—Engineer's Car" and the purpose for which the automobile was to be used was stated to be for "business and pleasure." The terms "pleasure" and "business" were defined as "personal, pleasure, family and business use." In the main action plaintiff sued Krosch and the county for damages for personal injuries sustained on April 25, 1937, as a result of Krosch's negligence while operating the county's automobile for his own use and pleasure. There was a directed verdict in favor of the county. Plaintiff recovered a verdict of $2,500 against Krosch, upon which judgment has been entered and which she is now trying to compel the insurer to pay.

The county employed Krosch as county engineer and fixed his salary under 1 Mason Minn. St. 1927, § 2569 (1, 2), which authorizes counties to employ a county engineer and fix his compensation. There are findings that as part of his compensation as county engineer the county furnished Krosch with the automobile, which he was driving at the time of the collision, to be used by him in the performance of his duties and for his own business and pleasure; that the insured knew at the time the policy was issued that the county furnished the automobile to Krosch for his individual as well as business use; that at the time of the collision he was using the automobile with the express permission of the county and that such use was covered by the insurance. As a conclusion of law, judgment was ordered in favor of plaintiff against the garnishee. The garnishee appeals and assigns 18 errors which it says "raise the question whether or not the lower court was right in deciding the case in favor of plaintiff and against the garnishee, upon the ground, and the only ground possible, that the defendant was

using the automobile in question on the occasion in question with the permission of the county of Martin, the named insured in the policy issued to the county by the garnishee." It contends that the automobile was not being driven with the county's permission because (1) no consent in fact was given by the county board; and (2) any permission given was invalid upon the grounds that it authorized the use of public property for a private purpose.

■ While some point was made at the trial that no permission in fact was given by the county to Krosch to use the automobile for his personal purposes at the time of the collision, that issue was eliminated below. In a memorandum attached to the findings of fact and conclusions of law the court below stated that the garnishee did not deny consent in fact, but only the power of the county to give permission, as, for example: "garnishee does not dispute this express permission [that is, of the county permitting Krosch to use the automobile], but denies the power of the county to give such permission." Although a motion was made for amended findings or a new trial, this and similar statements were not directly challenged. The statement of the trial court as to the issues both of law and fact will be accepted on appeal. Johnson v. Mac Leod, 111 Minn. 479, 127 N. W. 497, 1120. See Olson v. Shephard, 165 Minn. 433, 206 N. W. 711. The case will be considered here in accordance with the theory on which it was tried and submitted below. Swenson v. G. O. Miller Tel. Co. 200 Minn. 354, 274 N. W. 222; Walsh v. Kuechenmeister, 196 Minn. 483, 265 N. W. 340; Moquist v. Chapel, 62 Minn. 258, 64 N. W. 567. In that view of the situation, the fact of permission will be taken as established, subject only to the contention that any permission given was invalid.

■ The effect of the omnibus clause was to extend the insurance coverage to any person while using the automobile with the consent of the named insured. Peterson v. Maloney, 181 Minn. 437, 232 N. W. 790. Where a liability policy issued to a corporation contains an omnibus clause covering business and pleasure use, the pleasure use intended to be covered is that of those permitted to use the car with the permission of the corporation as the named

insured. Georgia Cas. Co. v. Waldman (5 Cir.) 53 F. (2d) 24. Use for his own pleasure of the automobile of a municipal corporation by an officer or employe, allowed as part of his compensation, is with the permission of the named insured within the meaning of an omnibus clause of an insurance policy in which such municipal corporation is the named insured. U. S. F. & G. Co. v. Mann (4 Cir.) 73 F. (2d) 465. The insurance covered Krosch by reason of the county's permission to use the automobile at the time of the accident. The insurer contends that there was no permission as a matter of law for the reason, as it claims, that the permission given was for the private use of public property, which the county had no right to give. It is elementary that a party may not defend an action by asserting facts or rights which do not concern him and in which he has no lawful interest, Herber v. Christopherson, 30 Minn. 395, 15 N. W. 676; Farmers & M. State Bank v. Rush, 165 Minn. 121, 205 N. W. 951, 45 A. L. R. 1507; 5 Dunnell, Minn. Dig. (2 ed. & Supps.) § 7582, just as he cannot predicate a cause of action upon such facts or rights, Alabama Power Co. v. Ickes, 302 U. S. 464, 58 S. Ct. 300, 82 L. ed. 374. This is true for the very simple reason that a party may assert and champion only his own rights, not those of others. Mesaba Loan Co. v. Sher, 203 Minn. 589, 282 N. W. 823. Strong reasons of policy compel adherence to this rule. The insurer has no interest whatever in the use which the county makes of its automobile. The answer does not allege such an interest. It does not appear that the insurer is a taxpayer of Martin county. Consequently, any use of the automobile could not possibly affect the insurer in any way that would give it a right to complain. Public rights ordinarily may be asserted only by the proper public authority. By statute the county board is charged with the duty of the care and management of the county's property and funds. 1 Mason Minn. St. 1927, § 668(2). In certain cases where the public authority fails to perform its duty a taxpayer may assert the public right on behalf of himself and all other taxpayers. A taxpayer of the county has an interest in the use of its property and a right to have it devoted to lawful and not diverted to unlawful uses, but one who is not a taxpayer

has no such right because he does not have an interest in the subject matter of the suit. Our cases, which are collected in 3 Dunnell, Minn. Dig. (2 ed. & Supps.) § 4480, proceed upon this assumption. The authorities fully support the rule. Commrs. Ct. of Perry Co. v. Medical Society, 128 Ala. 257, 29 So. 586; Hurd v. Walters, 48 Ind. 148; Home Tel. Co. v. Michigan Railroad Comm. 174 Mich. 219, 140 N. W. 496; Simmons v. Mayor, etc. 6 N. J. Misc. 902, 143 A. 73; 32 C. J. pp. 47, 48, § 26, note 51(a), where numerous cases are collected; 32 C. J. p. 294, § 470. Even a taxpayer must show that he will suffer an injury differing in kind, not merely in degree, from that suffered by the public generally. Thorpe v. City of Ada, 137 Minn. 86, 162 N. W. 886; Anderson v. City of Montevideo, 137 Minn. 179, 162 N. W. 1073; Reed v. Village of Hibbing, 150 Minn. 130, 184 N. W. 842. The rule against diversion of the county's property to an unlawful use is for the protection and benefit of the county and its taxpayers. The defense, if allowed, would confer no such protection or benefit. It would simply enable the insurer to escape a liability for which the policy plainly provides. Lacking the requisite interest, the insurer cannot be heard to question the legality of the permission to Krosch by the county to use its automobile.

Affirmed.

MR. JUSTICE HILTON, incapacitated by illness, took no part.