### Ross *v.* Simon *et al.*

(*City Court of New York, General Term.* December 23, 1889.)

MECHANICS' LIENS—ENFORCEMENT—PLEADING.

Laws N. Y. 1885, c. 342, § 1, (4 Rev. St., 8th Ed., p. 2693,) provides that any person who shall hereafter perform any labor or furnish any material in building, altering, or repairing any house, or building, with the consent of the owner or his agent, or any contractor, may have a lien on the lot on which the building stands, "to the extent of the right, title, and interest * * * of such owner, whether owner in fee or of a less estate." Section 4 provides for filing a notice of lien, containing the name of the claimant, "with the name of the owner, lessee, * * * or person in possession, * * * against whose interest a lien is claimed." In an action to enforce a lien, under the act, for labor and materials furnished by plaintiff to a contractor with a lessee of premises, for repairs thereon, the notice of lien was made part of the complaint, and showed that a lien was claimed against the interest of

the lessee only, and there was no allegation that a lien was claimed against the owner of the fee, and it did not appear that the value of the premises was increased by the repairs, or that the owner ever took any part in directing them, or was consulted in regard thereto, or that he was bound to make such repairs. *Held*, that the complaint stated no cause of action against the owner of the fee, so as to render either him or his property liable for the labor and materials furnished, though it alleged that he consented thereto.

Appeal from special term.

Action by John B. Ross against John Simon, Ignatz Schmitt, Barbara Schmitt, and others, to enforce a mechanic's lien.

The complaint alleged substantially as follows: *First*, that defendant Simon was and is now the owner of certain premises, against which the lien is claimed; *second*, that said defendant, on April 28, 1888, leased said premises, and house thereon, to defendant Ignatz Schmitt, for 21 years from May 1, 1888, and that said lease was duly recorded; *third*, that defendant Ignatz Schmitt, by assignment dated September 1, 1888, and recorded on the same day, assigned said lease to defendant Barbara Schmitt; *fourth*, that defendant Ignatz Schmitt was at the time hereinafter mentioned the duly-authorized agent of the defendant Barbara Schmitt; *fifth*, that subsequent to the making of said lease a contract was entered into between the defendants Allen B. Muir and Barbara Schmitt for furnishing materials, and making certain alterations and repairs of the house on said premises, and for which Barbara Schmitt agreed to pay Muir the sum of $2,175; *sixth*, that Muir performed the conditions of said contract; *seventh*, that on or about September 17, 1888, plaintiff entered into another contract with Muir, to do certain other work and furnish other materials on and for the house on said premises, for the sum of $245; *eighth*, that, in pursuance of said contract, plaintiff did the work and furnished the materials specified; *ninth*, that on account of said contract there is a balance due plaintiff of $120; *tenth*, that defendant Simon, the owner, had full knowledge of the work, and consented to the same, and to the performance of the labor and the supplying of the materials by plaintiff; *eleventh*, that a notice of lien was filed on or about the 8th day of November, 1888; *twelfth*, that within 10 days after the filing of said notice a copy thereof was served upon the defendants Simon and Barbara Schmitt; *thirteenth*, that the other defendants have certain rights and interests in the said premises, and plaintiff demands that he be adjudged to have a lien on said premises for the sum of $120 and interest. Defendant Simon demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against him. The demurrer was sustained, and plaintiff appeals.

Argued before EHRLICH and MCGOWN, JJ.

*James C. Delamare*, for appellant. *Stephen Philbin*, for respondent Simon.

MCGOWN, J. This action was commenced on or about the 16th day of September, 1889, to enforce a mechanic's lien against the premises No. 2007 First avenue, (notice filed November 8, 1888,) owned by the defendant Simon, under the mechanic's lien law, (chapter 342, Laws 1885.) Section 1 of said act provides as follows: "Section 1. Any person  * * *  who shall hereafter perform any labor or service, or furnish any materials,  * * *  in erecting, altering, or repairing any house,  * * *  building,  * * *  with the consent of the owner, as hereinafter defined, or his agent, or any contractor,  * * *  or any other person contracting with such owner to erect  * * *  as aforesaid,  * * *  may  * * *  have a lien  * * *  upon the lot or premises  * * *  upon which the same may stand,  * * *  to the extent of the right, title, and interest at that time existing of such owner, whether owner in fee or of a less estate, or whether a lessee for a term of years,  * * *  or of the owner of any right, title, or interest in such estate." Section 1 of the act above referred to was amended by chapter 316

of the Laws of 1888, which took effect on May 17, 1888. It does not appear from the complaint herein whether the work and materials claimed for were done and furnished before or after said amendment took effect. It is immaterial however, as the above amendment does not materially change the provisions of section 1 of the act first cited, or affect the question raised herein. Conceding all the facts stated in the complaint, it does not set forth any cause of action against the defendant Simon. It does not appear that the premises of the defendant Simon were in any manner benefited, or that the value thereof was increased, by the alterations and repairs alleged to have been done on the building, or that he ever took any part in, advised, or gave directions as to the method of construction of, the alterations or repairs, as in *Otis* v. *Dodd*, hereinafter cited. Section 4 of the act hereinbefore referred to provides for the filing of a notice of lien "containing the name  * * *  of the claimant,  * * *  with the name of the owner, lessee,  * * *  or person in possession of the premises against whose interest a lien is claimed." Paragraph 11 of the complaint recites "that a copy of said lien is hereto annexed," and therefore the notice of lien is made part and parcel of the complaint. The notice of lien filed herein recites as follows: "That the name of the owner of the leasehold estate against whose interest a lien is claimed is Ignatz Schmitt, and the owner of the fee of said land is John Simon." There is no allegation in the complaint that any claim is made, or that any lien is claimed or asked for, against the interest of the defendant John Simon, the owner; but, on the contrary, a claim is made against, and a lien is claimed only against, the interest of Ignatz Schmitt, the lessee in the leasehold estate. Nor does it appear that the defendant Simon, the owner, ever took any part in the direction or in the making of the alterations or repairs, or was obligated to make such repairs, or that he was consulted in relation thereto. The mere allegation, in the tenth paragraph of the complaint, that the defendant Simon "consented to the same, and to the performance of the labor and the supplying of the materials by this plaintiff," was not, in the absence of any allegation of claim in the complaint, sufficient to constitute a cause of action against the defendant Simon, the owner, or to make him personally liable, or his property liable, for such repairs; no claim having been made against him, or lien claimed upon his interest in the lands in the complaint. Simon, the owner, was the landlord; defendant Ignatz Schmitt was the tenant; and, in the absence of any express covenant to repair or make alterations on the part of Simon, the landlord, the tenant Ignatz Schmitt, and his assignee, being in possession as tenants, were legally bound to make all repairs. The tenant was in possession under the lease; and Simon, the landlord, had no right to interfere with, object to, or to stop the work. His refusing to consent thereto, or his objecting to the repairs, would have been of no avail, unless, possibly, he objected to the repairs, in case his tenant was doing a great injury to his property. Had Simon, the landlord, in passing the premises, discovered that his tenant had men employed in painting the house on the premises, would he have had any right to interfere with the work? And it cannot seriously be claimed that, in such case, had the tenant refused to pay the workmen employed by him under a contract to paint the house, the contractor could have or enforce a lien against the owners of the premises for the painting. Simon, the owner, did not become a party to the contract made by the lessee with the plaintiff; and only the title or interest of the lessee in the premises could be affected by the lien. The mere consent of the defendant Simon to the repairs and alterations made by his lessee did not obligate him, either legally or morally, to pay for the same, nor did it subject his interest in the premises to the lien. *Jones* v. *Manning*, 6 N. Y. Supp. 339, (Gen. Term, Sup. Ct., Fifth Dept., June, 1889.) In *Otis* v. *Dodd*, 90 N. Y. 336, (1882,) Dodd and Ross, the owners of the fee, leased certain real estate to the Union Portland Cement Company, for the term of seven years, with covenants of renewal. The com-

pany covenanted with the lessors, at its own expense, to construct and complete upon the real estate some buildings and other improvements; and that such buildings and improvements should immediately attach to the freehold, and become part of the demised premisés, and not to be removed during, or at the expiration of, the lease. The company contracted with the plaintiff to perform labor and furnish materials in the construction of the buildings. During the progress of the work, the lessors, the owners of the fee, came upon the premises, and advised about the location of the structures, and gave some directions as to the method of their construction. An action was brought to enforce the lien against the property, under chapter 379, Laws 1875. The lien was held good, on the ground that the work and materials were furnished with the consent of the owners, who came upon the premises, and advised and gave directions as to the method of construction of the buildings upon the lessors' premises, which were to be benefited, and the value thereof increased, by the construction by the lessee, upon the lessors' premises, of the buildings and other improvements, which, by the terms of the lease, were immediately to attach to the freehold, and become part of the demised premises, and were not to be removed, at the expiration of the lease, therefrom. Judgment affirmed, with costs. All concur.