46 N.J. Super. 382 (1957)
134 A.2d 817
CHARLES TANNENBAUM, PLAINTIFF-APPELLANT,
v.
AMERICAN SURETY COMPANY OF NEW YORK, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 9, 1957.
Decided September 26, 1957.
*383 Before Judges CLAPP, JAYNE and HUGHES.
Mr. J. Mortimer Rubenstein argued the cause for plaintiff-appellant (Messrs. Saltzman, Rubenstein & Kosoff, attorneys; Mr. John F. Segreto, on the brief).
Mr. Robert L. Clifford argued the cause for defendant-respondent (Messrs. Mead, Gleeson, Hansen & Pantages, attorneys; Mr. Alastair J. Sellar, of counsel; Messrs. W. Clark Gaw and Robert L. Clifford, on the brief).
The opinion of the court was delivered by CLAPP, S.J.A.D.
This is an action upon an automobile liability insurance policy issued by the defendant to the plaintiff covering the latter's auto. The only question we shall pass upon relates to the significance of the word "business" appearing in a declaration in the policy that the auto is to be used for "pleasure and business."
The plaintiff, a rabbi of Paterson, New Jersey, in addition to attending to his religious duties, conducted a Hebrew school and, during July and August, a day camp on property owned by Ye Shiva in southern New York State. For the transportation of the children between their homes and the camp, not only had a bus been provided, but he also frequently used his own car. One child, while thus being taken from the camp to Paterson in his car, fell from it, and she and her parents brought suit against the present plaintiff, securing a judgment for $750. The insurer denied liability under the policy, and as a result the plaintiff was obliged to pay *384 the judgment, as well as his attorneys' charge of $250 for their services. Thereupon he brought this action in a county district court to recover the $1,000 thus paid. The court, holding that plaintiff had not established coverage under the policy, gave judgment for the defendant. Plaintiff appeals.
The printed policy was so prepared as to contain certain blanks on the first page, which were filled in in typewriting, as indicated by the words italicized below and by the "X" mark inserted before the phrase "pleasure and business"; this first page bears the title "Declarations," and the agreement of insurance is expressly rested on them:

 "Item 1. Name of insured Rabbi Charles Tannenbaum
 Address 440 East 36th Street, Paterson,
 Passaic County, New Jersey

* * * * * * * *
Occupation of the named insured is Self employed.

* * * * * * * *
Item 5. The purposes for which the automobile is to be used are:
[x] Pleasure and Business; [ ] Commercial ____ Other ____
(a) The term `pleasure and business' is defined as personal, pleasure, family and business use. (b) The term `commercial' is defined as use principally in the business occupation of the named insured as stated in item 1, including occasional use for personal, pleasure, family and other business purposes * * *."
Defendant contends that the word "business" in the phrase "pleasure and business" has reference solely to the insured's occupation stated in item 1 of the policy, for, it is said, this is the only business of his within the contemplation of the parties at the time of the issuance of the policy, and indeed the very purpose of item 1 must have been to elicit information in connection with item 5. Accordingly, defendant argues, the word must be taken to refer to the plaintiff's business or vocation as a rabbi, and hence not to his operation of the day camp which is said to be (and we may assume it to be so for the purposes of this opinion) a wholly unrelated matter.
*385 It seems to us quite clear that this contention cannot be sustained. Item 5 of the policy places in juxtaposition the following three terms: (1) "business," stated generally and without the least qualification, see clause (a); (2) "the business occupation of the named insured as stated in item 1," see clause (b); and (3) "other business purposes," that is, business purposes unconnected with the stated occupation, see clause (b). Having in mind the difference in the phraseology of these three terms, we see no warrant whatever for cutting down the full generality of the first term, as defendant would have us do, so as to render it a precise equivalent of the second term.
So far as we have found, the point has not been decided. However such authority as has been located supports the view we have expressed. Cf. Farmers Automobile Inter-Insurance Exchange v. Calkins, 39 Cal. App.2d 390, 103 P.2d 230, 232, 233 (Ct. App. 1940), indicating that the term "business" in the phrase "business and pleasure" includes the business of acting occasionally as a volunteer fireman for a small compensation and is not to be construed as having reference solely to the insured's stated occupation, viz., "rancher" (compare Pauli v. St. Paul Mercury Indemnity Co., 255 App. Div. 935, 8 N.Y.S.2d 691 (App. Div. 1938)); Farm Bureau Mut. Automobile Ins. Co. v. Manson, 94 N.H. 389, 54 A.2d 580, 582 (Sup. Ct. 1947); cf., too, Cohen v. Chicago Bonding & Ins. Co., 146 Minn. 222, 178 N.W. 485 (Sup. Ct. 1920). Appleman, in his work on Automobile Liability Insurance, 31, 32, 34 (1938), noting the scarcity of authority, says:
"If the endorsement is for `pleasure and business' purposes all uses are included, except where the automobile becomes converted into a regular commercial vehicle. * * * It is the intention of the framers [of the National Standard Policy] to permit a broad and liberal construction of these definitions * * *."
If it be argued that there is ambiguity in clause (a) of item 5, the answer is that the clause will then be taken most strongly against the insurer. Jasion v. Preferred *386 Accident Ins. Co. of N.Y., 113 N.J.L. 108, 114 (E. & A. 1934). As to whether such a clause, read with the familiar omnibus clause, provides coverage in connection with any business of a person using the car with the insured's permission (a point we need not pass upon), see Georgia Casualty Co. v. Waldman, 53 F.2d 24, 25 (5 Cir. 1931); Zuvich v. Ballay, 149 So. 281, 284 (La. Ct. App. 1933) ("use of the car in question is limited not to the business or pleasure of the owner, but to business or pleasure generally"); Schultz v. Krosch, 204 Minn. 585, 284 N.W. 782, 783, 784 (Sup. Ct. 1939).
In our opinion the term "business," as used in the "broad * * * formula" (Terrasi v. Peirce, 304 Mass. 409, 23 N.E.2d 871, 873 (Sup. Jud. Ct. 1939)) of "pleasure and business," is not to be limited to the business occupation stated in item 1, nor to the insured's principal business. It might be added that there is no claim that the car was used for "commercial" purposes, as defined in item 5(b) of this policy, a use which, it is said, calls for a higher premium; a commercial use would exist where a car is used "principally" in the business occupation specified in item 1, and only occasionally "for personal, pleasure, family and other business purposes."
In view of these conclusions, we need not deal with the point presented in the supplemental briefs.
Reversed, with directions to enter judgment for the plaintiff.