127 So.2d 220 (1961)
Mattie Mae HARDEE, Plaintiff-Appellee,
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Defendant-Appellant.
No. 25.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1961.
*221 Watson, Williams & Brittain, by Arthur C. Watson, Natchitoches, for defendant-appellant.
Gahagan & Gahagan, by Russell E. Gahagan, Natchitoches, for plaintiff-appellee.
Before TATE, FRUGE and HOOD, JJ.
TATE, Judge.
This is a case of first impression construing an exclusion clause of a death indemnity coverage provided by an endorsement to a Louisiana automobile liability policy. The insured was killed during the period of policy coverage, and his widow brings suit to recover the benefit provided by the death indemnity clause. The defendant insurer appeals from judgment awarding the plaintiff $5,000.00, the face amount of such coverage.
The defendant insurer issued the automobile liability policy to J. A. Hardee covering his 1957 Ford passenger vehicle. For a slight additional premium an automobile death indemnity endorsement insuring Hardee was issued. This relatively new type of insuring agreement (see Holmes v. Southern Farm Bureau Casualty Insurance Co., 240 La. 153, 121 So.2d 726, 727) provides for payment in a face amount in the event the insured's death "shall result directly and independently of all other causes from bodily injury caused by accident and sustained by the insured while in or upon or while entering or alighting from, or through being struck by, an automobile, * * *".
The defendant insurer resists the plaintiff's recovery solely upon the ground that as to this particular death, sustained while the decedent was using his pulpwood truck, there is no liability under the death indemnity clause because of its exclusions provisions excluding liability for:
"bodily injury or death sustained in the course of his occupation by any person while engaged (1) in duties incident to the operation, loading or unloading of or as an assistant on, a public or livery conveyance or commercial automobile * * *". (Italics ours.)
Immediately before the accident the two-ton truck had been loaded with and was hauling pulpwood owned by the decedent. The vehicle became bogged; Hardee, the insured, was killed while an attempt to free the truck was being made. This truck was owned by the decedent and was used by him to haul his own pulpwood to some designated spot, where the wood was then sold. He did not use the vehicle to haul for hire and hauled nothing on it except his own products.
The narrow legal issue of this appeal is whether the pulpwood truck upon which the insured was killed is, for purposes of the exclusion clause, a "commercial automobile"a term which is not defined by the policy. (The pulpwood truck is conceded to be an "automobile" within the meaning of the policy, in which the term was defined with certain inapplicable exceptions as "a land motor vehicle, trailer or semitrailer.")
The principles applicable to construction of insurance policies are not disputed. In case of ambiguity, the policy provisions are construed most favorably to the insured and against the insurer, and of the permissible constructions that will be adopted which effectuates the insurance' *222 over that which defeats it. Schonberg v. New York Life Ins. Co., 235 La. 461, 104 So.2d 171; Stanley v. Cryer Drilling Co., 213 La. 980, 36 So.2d 9; Knight v. L. H. Bossier, Inc., La.App. 1 Cir., 118 So.2d 700. On the other hand, in the absence of conflict with statute or public policy, insurers have the same right as individuals to limit their liability and to impose whatever conditions they please upon their obligations, and in such event unambiguous provisions limiting liability must be given effect. Muse v. Metropolitan Life Ins. Co., 193 La. 605, 192 So. 72, 125 A.L.R. 1075; Kennedy v. Audubon Ins. Co., La.App. 1 Cir., 82 So.2d 91.
Defendant urges, correctly in our opinion, that "commercial automobile" is not an ambiguous term but has a meaning readily ascertainable in the plain, ordinary, and popular sense of the language used. See Webster's New International Dictionary (2nd Ed., 1960), p. 538, verbo "commercial automobile": "An automobile used exclusively for commercial purposes, esp. in transporting goods", and verbo "Commercial" (Adjective): "1. Of or pert. to commerce; mercantile; hence, variously: occupied with commerce; engaged in trade; * * * 2. Having financial profit as the primary aim; * * *." See also 15 C.J.S. verbo Commercial p. 576, defined: "Mercantile, of the nature of commerce, or pertaining or relating to commerce or trade, hence, variously occupied with commerce, and engaged in trade. In a comprehensive sense, occupations and recognized forms of business enterprise which do not necessarily involve trading in merchandise, as well as buying, selling, and exchange in the general sales or traffic of American markets, although, when limited to the purchase and sale or exchange of goods and commodities, it is said to be used in a narrow and restricted sense * * *."
The truck upon which the decedent was killed was owned and used by him to transport pulpwood for the purpose of selling it for a profit, and the stipulation does not indicate that it was used for purposes other than the hauling of the decedent's products. In our opinion, this truck is to be considered as a "commercial automobile" in the ordinary and popular meaning of the term, whether the modifying adjective is regarded as used in narrow sense of pertaining to transactions limited to the purchase and sale or exchange of goods or whether it is regarded as used in the broader sense of referring to enterprises having financial profit as the primary aim. The insurer is thus exempted by the exclusion clause quoted from liability for this death sustained while operating this vehicle.
In urging that the term "commercial automobile" is ambiguous so as to admit of a construction that the present pulpwood truck was a private and not a commercial vehicle, since used by the decedent to haul his own timber for himself alone and not for hire, able counsel for the plaintiff-appellee primarily relies upon jurisprudence that "Business or pleasure uses, in a liability policy insuring indemnity with reference to them, are distinct from commercial uses, and, where the insured merely uses his automobile in connection with his own private business, that is not ordinarily deemed to a commercial use, and is within the protection afforded." 6 Blashfield, Automobile Law and Practice, Section 3971, p. 663 (Part 1).
This jurisprudence arose, however, under liability policies which attempted to delimit the nature of the vehicle use for which the insurer provided protection by dividing the purposes for which the policy was issued into "Business and [sometimes "or"] Pleasure" or "Commercial". The holdings of such cases must be viewed in this narrow context of having interpreted most favorably to the insured these not-necessarily mutually exclusive policy definitions so as to provide coverage where there was ambiguity resulting from claimed conflict between such definitions. See Tannenbaum v. American Surety Co., 1957, 46 N.J.Super. 382, 134 A.2d 817; Littlefield v. Phoenix Indemnity Ins. Co., 1932, 86 N.H. 87, 163 *223 A. 420. See also 7 Appleman, Insurance Law and Practice, Sections 4325 (p. 97) and 4326 (p. 107).
"The determination of questions as to the coverage of liability policies on `commercial' vehicles depends upon the phraseology of the provisions of such policies * * *". Annotation, "Coverage of liability policy on `commercial' vehicle," 144 A.L.R. 537. In contruing a clause excluding coverage for the "commercial" use of the insured vehicle, "each case must be examined in the light of the particular facts involved and the exact terms employed in the policy to exclude liability, Annotation, "Construction of clause of automobile liability policy excluding coverage in case of `commercial' use," 18 A.L.R.2d 719.
The only general rule announced by the decisions cited in these treatise and annotation sources is that the term "commercial" must, when used ambiguously in the context of the policy in question, be construed least favorably to the insurer: whether broadly so as to permit coverage or narrowly so as to prevent application of an exclusion clause excluding "commercial" risks. But, as we have previously noted, the use of the term "commercial automobile" in the context of the present policy is not so ambiguous as to permit of a favorable construction in favor of the insured.
In the only decision we found concerning interpretation of the present exclusion clause of an automobile death or disability indemnity clause, St. Paul Fire & Marine Ins. Co. v. Kell, Ark. 1959, 328 S.W.2d 510, 511, the exclusion clause was held inapplicable and recovery was permitted for an accident sustained by the insured while he was driving to work in a pick-up truck which he used a great deal in connection with his work. Under the policy sued upon in that case, where "pleasure and business" and "commercial" were defined in the body of the policy, the term "commercial" (which was defined as "use principally in the business occupation of the named insured") was held to be ambiguous so as to permit of the construction of the policy term favorable to the insured that his truck, used only partly in his occupation and a great deal also for non-economic personal activities, was not a "commercial automobile" within the thus-narrowed meaning of the term in the exclusion clause. We have no such ambiguity in the present policy.
The plaintiff-appellee also relies upon Lintern v. Zentz, 1950, 327 Mich. 595, 42 N.W.2d 753, 755, 18 A.L.R.2d 713. The policy therein was issued for "business and pleasure" use, but excluded "commercial use (i. e., delivery of material and merchandise)" and also excluded coverage for the towing of trailers used to transport merchandise or materials "in any business enterprise". Although at the time the insured therein was involved in an accident he was towing his employer's trailers back to his employer's trailer-renting office from a city where customers had left them, the court held the policy coverage to be in effect and the exclusion clauses to be inapplicable, since the insured was towing the trip on his off-day as a favor for his employer and without authority or request to do so by the latter and thus, the court held, was not using his vehicle in a business in which the insured was engaged for profit. Williams v. American Auto. Ins. Co., 5 Cir., 1930, 44 F.2d 715, likewise cited by the appellee, held that a truck insured to be used only for "commercial purposes" was not covered when involved in an accident while loaned gratuitously to transport boy scouts, since not being used in the business of the insured but rather on a pleasure trip for the accommodation of the boy scouts.
Aside from the differences in policy wordings, the primary distinction in these two casesthat "commercial" use is as an activity carried on for financial profitis not authority that the pulpwood truck here involved, used in an enterprise engaged in for economic gain, was not used for a commercial purpose.
For the foregoing reasons, we find that the insured was killed while engaged in *224 the course of his occupation in duties incident to the operation of a commercial automobile and that therefore liability under the death indemnity insuring provision is excluded by the exclusion clause in question. The judgment of the trial court granting judgment in favor of the plaintiff is therefore reversed, and the plaintiff's suit is dismissed at her cost.
Reversed.