RICHARD T. McBRIDE, Judge.
On December 31, 1958, at 2:30 o’clock p. m., plaintiff Moreau’s 1958 Oldsmobile was negligently run into and considerably dam *282 aged by a 1954 Buick automobile owned by one Ledet, which was being driven by Kathleen Keller, an unemancipated minor residing with her father, Herman F. Keller, Sr.
Moreau and Motors Insurance Corporation (his collision insurer and partial sub-rogee) jointly brought this suit against Herman F. Keller, Sr., and his liability insurer, Employers’ Liability Assurance Corporation, Ltd., (and certain other defendants), in solido, for $1,028.17, the amount of damage sustained by Moreau.
After a trial on the merits of the case, judgment was rendered against Keller and his insurer for said amount, and they have appealed.
There is no question as to the liability of Herman F. Keller, Sr. The father is held responsible for the damage caused by the torts of his minor or unemancipated child residing with him. LSA-C.C. art. 2318.
With reference to Employers’ Liability Assurance Corporation, Ltd., this appeal presents the controversy whether said insurer is liable under the Family Automobile Combination Policy which it issued to Keller (the named insured) whereunder it is obligated to pay on behalf of said named insured all sums which he shall become legally obligated to pay as damages because of injury or destruction of property arising out of the ownership, maintenance, or use of a certain specified automobile (described in the policy) owned by Keller or “any non-owned automobile.”
Under Part I of the policy, with respect to a non-owned automobile, the following are insureds: “(1) the named insured, (2) any relative, but only with respect to a private passenger automobile or trailer, provided the actual use thereof is with the permission of the owner.” Under policy definitions, “ ‘relative’ means a relative of the named insured who is a resident of the same household” and “ ‘non-owned automobile’ means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative * *
Defendant insurer is contending that there is no policy coverage by reason of the fact Ledet’s car was furnished for the-regular use of Kathleen Keller.
Kathleen Keller was a relative of Herman F. Keller, Sr., who resided in the same household, and she operated a non-owned private passenger automobile with permission of its owner. So, our concern is a determination whether Ledet’s automobile was “furnished for the regular use of * * * the named insured or any relative,” under the circumstances which appear from the record, thus:
Ledet, then 21 years old, owned and operated a gasoline filling station and his. 1954 Buick was used daily in said business. There is no evidence that Herman Keller, Sr., ever used Ledet’s car. Ledet had' known Kathleen Keller for about five years and she had been his fiancee for a year. Kathleen Keller borrowed Ledet’s car for her personal uses from time to time during a period of some three months before the accident. Ledet, when asked how frequently the young lady used the car, replied: “It was not very often — one week she might use it twice, and for the next three or four weeks not use it at all.” On the day in question Kathleen and her mother had come to Ledet’s station in order to get the car for the purpose of going to a store.
Each time Kathleen Keller borrowed the automobile she would “call” Ledet seeking his consent to use it. Nothing in the record shows that the vehicle was at her disposal or that she might take it whenever she desired. Ledet testified “there was no * * * set plan for her to use it.” In answer to the question: “Did you maintain that car for Kathleen Keller’s purposes, or for your own purposes?” he replied: “For my own purposes. I had to use it for my own purposes.”
One of the definitions given by Webster to the word “regular” is “steady or uniform *283 in course, practice, etc.” From this, it would seem to us that the words “regular use” as defined in the clause of the policy-in question suggest a principal use as con-tradistinguished from a casual or incidental use.
The vehicle was an adjunct of and used in Ledet’s business. In view thereof and the infrequent, spasmodic, or scanty use made of the vehicle by Kathleen Keller which required special and specific permission from the owner on each particular ■occasion she took the car, we do not think that Ledet was furnishing it “for the regular use of either the named insured or any relative” within the meaning of the exclusionary clause relied on by the insurer.
The judgment appealed from is affirmed.
Affirmed.