297 So.2d 746 (1974)
Edmond JONES et al.
v.
Lloyd FALCON et al.
No. 9859.
Court of Appeal of Louisiana, First Circuit.
June 28, 1974.
*747 Harvey L. Strayhan, New Orleans, for appellant North River Ins. Co.
Felix Savoie, Jr., and A. N. Simmons, Jr., Napoleonville, for appellees.
Before LOTTINGER, BLANCHE and de la HOUSSAYE, JJ.
BLANCHE, Judge.
The parties to this suit are in agreement as to all of the facts and the sole legal issue presented by this appeal. We adopt the statement of the case as made by appellant, North River Insurance Company, in its brief except for the deletion of one word suggested by appellant:
"On April 28, 1971, Edmond Jones, appearing individually and as administrator of the estates of his minor children, Judy Renee Jones and Lisa Stephanie Jones, and Mrs. Belinda Chaves, wife of Edmond Jones, filed suit in the Twenty-Third Judicial District Court for the Parish of Ascension, State of Louisiana. The lawsuit was based on an automobile accident which occurred on May 16, 1970, between a motor vehicle driven by Edmond Jones and a motor vehicle owned and operated by Kenneth Falcon.
"The plaintiffs, in their original petition, cited the following defendants in their respective representative capacities: Kenneth Falcon, as the minor tortfeasor; Lloyd Falcon, as the father of the minor tortfeasor; Liberty Mutual Insurance Company of Boston, Massachusetts, as the insurer of the motor vehicle owned and operated by Kenneth Falcon at the time of the accident; North River Insurance Company of New York, as insurer of Lloyd Falcon; and several other defendants which have no interest in the issues presented by this appeal.

*748 "Subsequent to the filing of the above-captioned lawsuit, defendant-appellant, North River Insurance Company, filed a motion for summary judgment. The motion for summary judgment was based on the lack of coverage of their insurance policy in the premises of this lawsuit. The motion was eventually heard and * * * denied by the trial court.
"Prior to the trial on the merits, Liberty Mutual Insurance Company, as the insurer of Kenneth Falcon and Lloyd Falcon, negotiated a settlement with the plaintiffs. According to the terms of this settlement, Liberty Mutual Insurance Company paid a total of $10,000.00 to the plaintiffs, for which the plaintiffs executed a `Parents' Receipt and Release and Indemnity Agreement'. According to this release, Liberty Mutual Insurance Company, Kenneth Falcon and Lloyd Falcon were absolved of any further liability in this litigation. After the above-mentioned compromise settlement, the plaintiffs' attorney signed and filed a motion and judgment of dismissal, whereby the plaintiffs' cause of action against Liberty Mutual Insurance Company, Kenneth Falcon and Lloyd Falcon was dismissed with prejudice.
"Subsequent to the above-mentioned compromise settlement, this matter was tried on its merits. In due course, judgment was rendered in favor of plaintiffs and against North River Insurance Company in [the] total amount of $10,000.00 with legal interest from the date of judicial demand until paid, plus all court costs involved. This judgment also dismissed the plaintiffs' claims against all of the other defendants which have not been named in this brief for the sake of brevity.
"North River Insurance Company brings this suspensive and devolutive appeal from the above-mentioned judgment in all respects."
The sole legal issue agreed upon by the parties is whether the insurance policy issued by North River to Lloyd Falcon provides coverage with respect to the motor vehicle accident which forms the basis of this lawsuit. On this issue a stipulation of fact was introduced into evidence as North River Exhibit No. 1 and states as follows:
"The undisputed facts are:
"a) At the time of the accident sued upon, Lloyd Falcon was the father of the unemancipated minor, Kenneth Falcon and the minor resided in the same household with his father.
"b) At the time of the accident sued upon, Lloyd Falcon was the owner of a 1964 Pontiac Catalina 4 door Sedan Motor No. HEA 385751, Serial No. 3 H. P.C. 10029 [;] this vehicle was not involved in the accident sued upon.
"c) At the time of the accident sued upon, Kenneth Falcon was the owner and the operator of a 1964 Pontiac identification number 834A6017 which is not the vehicle referred to in subparagraph b above but which was acquired on or before December 31, 1969.
"d) At the time of the accident sued upon, the vehicle referred to in subparagraph c above was insured under an automobile liability insurance policy issued by Liberty Mutual Insurance Company to Kenneth Falcon for the period from December 31, 1969 to December 31, 1970. This policy described only the vehicle referred to in subparagraph c.
"e) On the date of the accident sued upon, The North River Insurance Company was the insurer on a Family Combination Automobile Policy No. FAC 390072 issued to Lloyd Falcon for the policy period March 11, 1970 to March 11, 1971."
(Stipulation, Record, p. 218)
*749 Coverage is dependent on the terms of the insuring agreement. The following provisions are pertinent to that issue:

"PART ILIABILITY
"Coverage A * * * To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: [injury] * * * arising out of the ownership, maintenance or use of the owned automobile or any nonowned automobile * * *."
The following persons are insureds under Part I above:
"(a) with respect to the owned automobile,
"(1) the named insured and any resident of the same household,
* * * * * *
"(b) with respect to a non-owned automobile,
"(1) the named insured,
"(2) any relative, but only with respect to a private passenger automobile * * *
provided his actual operation * * * is with the permission * * * of the owner * * *."
The policy defines an owned automobile as:
"(a) a private passenger * * * automobile described in this policy for which a specific premium charge indicates that coverage is afforded * * *."
A non-owned automobile is "an automobile * * * owned by or furnished for the regular use of either the named insured or any relative."
From the stipulation it is observed that at the time of the accident Kenneth Falcon was not driving an "owned automobile" because the automobile which he was driving was not described in the policy as a vehicle for which a specific premium charge had indicated that coverage was afforded.
On the other hand, he was not driving a "non-owned automobile" because the automobile was actually owned by Kenneth Falcon, and no coverage is afforded to a relative while driving an automobile either owned by him or furnished for his regular use.
We find that the foregoing provisions are clear and unambiguous and restrict coverage only to those automobiles owned by the insured as described in the policy. Thus, by limiting the scope of coverage in the insuring agreement, the company has effectively excluded coverage as to other automobiles owned by the insured or any relative living in his same household. Stated in other words, as to the owner or relative living in the same household, coverage does not extend to other automobiles owned by them but not described in the policy. It seems obvious that the insuring agreement was designed "to prevent the named insured and members of the same household from obtaining insurance on two automobiles, with the payment of only one premium." Gage v. Roy, 173 So.2d 885, 887 (La.App.3rd Cir. 1965).
Appellee complains that the insurer seeks to use a "definition" as a means to provide an exclusion in the policy, thus depriving him of the policy of Louisiana courts to strictly construe exclusionary clauses. We see no reason that the insurer may not limit his exposure in the insuring agreement rather than by way of an exclusion under the exclusionary provisions of the policy. Louisiana law applicable to the construction of exclusionary clauses should be the same however they appear in the policy. Other principles applicable to the construction of insurance policies are noted in the case of Hardee v. Southern Farm Bureau Casualty Insurance Company, 127 So.2d 220 (La.App.3rd Cir. 1961). They are:
"* * * In case of ambiguity, the policy provisions are construed most favorably *750 to the insured and against the insurer, and of the permissible constructions that will be adopted which effectuates the insurance over that which defeats it. Schonberg v. New York Life Ins. Co., 235 La. 461, 104 So.2d 171; Stanley v. Cryer Drilling Co., 213 La. 980, 36 So.2d 9; Knight v. L. H. Bossier, Inc., La.App. 1 Cir., 118 So.2d 700. On the other hand, in the absence of conflict with statute or public policy, insurers have the same right as individuals to limit their liability and to impose whatever conditions they please upon their obligations, and in such event unambiguous provisions limiting liability must be given effect. Muse v. Metropolitan Life Ins. Co., 193 La. 605, 192 So. 72, 125 A. L.R. 1075; Kennedy v. Audubon Ins. Co., La.App. 1 Cir., 82 So.2d 91." (Hardee v. Southern Farm Bureau Casualty Insurance Company, 127 So.2d 220, 221, 222)
Appellee contends that coverage is provided for under the "Other Insurance" provision of the policy as "excess insurance." That provision reads as follows:
"Other Insurance. If the insured has other insurance against a loss covered by Part III of this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability of this policy bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or nonowned automobile shall be excess insurance over any other valid and collectible insurance."
The argument is made that it is Lloyd Falcon who must stand in judgment and that as far as the named insured, Lloyd Falson, is concerned, his son was driving a non-owned car while driving his own car. We find no merit to this argument. The vicarious liability of Lloyd Falcon for the torts of his minor son would only be covered under the policy if his son were driving a non-owned automobile as defined by the policy. As stated above, a non-owned automobile means an automobile not owned by any relative (Lloyd Falcon's son residing in the same household).
Appellee relies on the case of Ellis Electric Company v. Allstate Insurance Company, 153 So.2d 905 (La.App. 1st Cir. 1963), which we find to be inapposite. There the defendant denied coverage for the reason that the vehicle driven by the insured's minor son was an owned vehicle as described in the policy. This Court found otherwise as the insured father had rescinded the sale of the car to his minor son prior to the accident. Therefore, at the time the automobile was operated by the son it was a non-owned automobile under the provisions of the policy.
For the above reasons, the judgment of the district court is hereby reversed and judgment is rendered herein dismissing plaintiffs' suit at their costs.
Reversed and rendered.