SCHOTT, Judge.
This case arose out of an automobile accident caused by Sheila Cooney, the minor daughter of appellant, Earl G. Cooney, Sr., while she was driving an automobile owned by her brother, Michael Cooney, appellant’s son. All of the Cooneys resided in the same household. Appellant as defendant in the main demand brought a third party demand against appellee, State Farm Mutual Automobile Insurance Company, appellant’s own automobile liability insurer, claiming coverage under his policy. From a judgment dismissing the third party demand, Earl G. Cooney, Sr., has appealed.
*1277 The policy issued by State Farm to appellant contains the following pertinent provisions: Part I—Liability
“Coverage 8 ... To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: (property damage) . . . arising out of the ownership, maintenance, or use of the owned automobile or any unowned automobile ...” (emphasis ours)
The following persons are insured under Part 1 above
“(a) with respect to the owned automobile.
(1)The named insured and any resident of the same household.
(b) with respect to a non-owned automobile,
(1) the named insured
(2) any relative . . . provided his actual operation ... is with the permission of the owner.”
The policy defines a “non-owned” automobile as:
“. . . an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative other than a temporary substitute automobile;” (emphasis ours)
A relative is defined as “a relative of the named insured who is a resident of the same household.”
We conclude that the judgment of the trial court is correct. Sheila was not driving an “owned automobile” since the automobile was owned by Michael and not by State Farm’s insured Earl G. Cooney, Sr. Furthermore, Michael’s automobile does not qualify as a “non-owned automobile” under the policy because the automobile was owned by appellant’s relative, Michael Coo-ney.
In addition, the evidence shows that Michael’s automobile was furnished for the regular use of Sheila. She used the car to go back and forth to school about five days a week. She had a set of keys to the automobile, and she could use the car whenever she wanted with standing permission from Michael.
The ease is indistinguishable from Jones v. Falcon, 297 So.2d 746 (La.App. 1st Cir. 1974) which found no coverage under the same language and found the language to be clear and unambiguous.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.