522 So.2d 690 (1988)
Maritza CHON
v.
ALLSTATE INSURANCE COMPANY, Mark Weil, & Sylvia Chapeaux.
No. 87-CA-672.
Court of Appeal of Louisiana, Fifth Circuit.
March 14, 1988.
*691 Michael A. Villa, New Orleans, for plaintiff-appellee.
David J. Calogero, New Orleans, for defendant-appellee.
Matthew A. Wellman, New Orleans, for defendant-appellant.
Before CHEHARDY, KLIEBERT and DUFRESNE, JJ.
DUFRESNE, Judge.
Plaintiff, Maritza Chon (who is not a party in this appeal) filed suit against Mark Weil, Sylvia Chapeaux and Allstate Insurance Company, claiming damages as a result of an alleged intersectional automobile accident which occurred July 24, 1985, at Veterans Memorial Blvd. at or near its intersection with Interstate 10, in Metairie, Louisiana. Chon, alleges that the accident was caused by the negligence of Mark Weil when he failed to yield the right of way at the intersection.
At the time of the alleged collision Weil was operating a 1977 Cadillac owned by the co-defendant, Sylvia Chapeaux, who had given her permission for its use because Weil's automobile was in a garage for repairs.
The Cadillac was not insured, consequently Weil's insurer, Allstate, was sued.
For approximately three months prior to the date of the alleged accident, Weil and Chapeaux had been residing together at Weil's home and Chapeaux's Cadillac was occasionally used since she has a congenital back defect which prohibited her from driving most of the time. Chapeaux's automobile was uninsured and remained garaged at Weil's home during this time and was available for Weil's use as needed, that is, at times of emergency situations, to run errands and generally use the vehicle in order to keep the battery charged.
Chon sued Allstate Insurance Company asserting coverage for the alleged automobile accident. Weil and Chapeaux cross-claimed Allstate, also claiming liability coverage.
Allstate denied coverage for Weil's alleged wrongful conduct and filed a motion for summary judgment. The basis for the summary judgment was the policy provision contained in Weil's insurance coverage which defined insured automobiles as follows:
"A non-owned auto used by you or a resident relative with the owner's permission. This auto must not be available or furnished for the regular use of an insured person."
After review of the pleadings and deposition testimony, the trial court concluded that Chapeaux's automobile was available for the regular use of Allstate's insured, Weil, and accordingly, granted Allstate's motion of summary judgment.
From this decision Weil has appealed.
Weil argues that Allstate's Motion for Summary Judgment was granted based upon deposition testimony which was inaccurately and improperly interpreted by the trial court. Weil contends that after review of his deposition and Chapeaux's, it is clear that Chapeaux's Cadillac was not available nor furnished for his regular use. Weil argues that:
(1) He owned and used his own vehicle, a 1979 Cadillac Coup de Ville, and therefore Chapeaux's vehicle was not needed by him. At the time of the accident he was using Chapeaux's vehicle, because his auto was in the garage for repairs.
(2) He did not have access to Chapeaux's vehicle because he did not have a set of keys to the car since they were kept in Chapeaux's purse.
(3) He never used the vehicle without her permission.
*692 (4) He did not use the car on a regular basis.
Weil contends that the main issue before this court was whether Chapeaux's auto was available or furnished for his regular use, all bearing on three key elements.
(1) No need for the vehicleWeil had his own.
(2) No control over the vehicleWeil did not have the keys.
(3) Seldom used the vehicle, and then only on a permission basis.
After careful review we also find no coverage by Allstate extending to Weil's use of Chapeaux's Cadillac.
Allstate insured Weil pursuant to a policy of automobile liability insurance, however, said policy did not extend to an automobile not owned by Weil which was available for his regular use.
We find the evidence clear and void of reasonable factual dispute that Weil's housemate's (who was a non-relative) vehicle was used by him and available for his regular use.
Because an insurance policy is a contract under law, all rules established for its interpretation are applicable. Albritton v. Fireman's Fund Insurance Company, 224 La. 522, 70 So.2d 111 (1954). As with other contracts, a policy of insurance becomes binding between the parties when it satisfies the requirements of a legal agreement. When the terms of such a policy are clear and unambiguous, they are subject to certain interpretation in light of the common, general and popular use of the language, without attending so much to grammatical rules. Mauterer v. Associated Indemnity Corporation, 332 So.2d 570 (La. App. 4th Cir.1976).
We agree that Weil had Chapeaux's vehicle available for his regular use because it was accessable, obtainable, and ready for immediate use. This is consistent with the common and general usage of the word "available".
The record clearly reflects that Chapeaux's Cadillac was accessable and obtainable evidenced by the automobile's presence in Weil's garage and Chapeaux's constant presence in his home.
Without further examination, we find the "available for regular use" exclusion is applicable to the facts of this case and deny any coverage afforded Weil under his policy of insurance with Allstate.
Accordingly, the judgment of the trial court granting the summary judgment is affirmed. Costs of this appeal to be paid by the appellant.
AFFIRMED.