34 So.3d 1104 (2010)
Greg W. WHITHAM and Mary Hammontree Whitham, Plaintiffs-Appellants,
v.
LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY, F.H.F. No. 1, L.L.C., F.H.F. No. 2, L.L.C., F.H.F. No. 3, L.L.C., Unopened Succession of Benjamin O'Neal, Jr., and State Farm Mutual Automobile Insurance Company, Defendants-Appellee.
No. 45,199-CA.
Court of Appeal of Louisiana, Second Circuit.
April 14, 2010.
*1105 W. Brett Cain, Shreveport, for Appellants.
Williams Family Law Firm, LLC by Joseph Payne Williams, Sr., Natchitoches, for Appellee, Louisiana Farm Bureau Casualty Insurance Company.
Before BROWN, GASKINS and CARAWAY, JJ.
CARAWAY, J.
Plaintiffs filed suit seeking to recover damages for injuries sustained in a vehicular accident when they were hit by a truck. The truck was owned and insured by a limited liability company. The trial court granted judgment in favor of the truck driver's auto insurer based upon a policy exclusion for coverage pertaining to the use of any auto, other than an insured auto, which is made available for the regular use of the insured. Finding no manifest error, we affirm.

Facts
On April 4, 2004, Greg Whitham and his wife, Mary Hammontree-Whitham, were *1106 driving on U.S. Highway 171 in DeSoto Parish, when B.F. O'Neal, Jr., pulled out from a stop sign onto the highway, colliding with the Whithams' vehicle. Mr. O'Neal was driving a 1997 Ford F-150 pickup truck at the time, with his wife as a guest passenger. The accident resulted in the death of Mr. O'Neal and in serious injuries to both of the Whithams. The Whithams instituted this suit, seeking to recover damages for injuries sustained as a result of the accident.
The petition named as defendants the unopened succession of B.F. O'Neal; Forest Home Farm, LLC ("F.H.F"), as the employer of B.F. O'Neal; State Farm Mutual Automobile Insurance Company ("State Farm"), as the Whithams' own automobile liability insurer; and Louisiana Farm Bureau Casualty Insurance Company ("La. Farm Bureau"), as the automobile liability insurer of B.F. O'Neal and F.H.F. On January 31, 2006, F.H.F. was dismissed summarily, after a finding that B.F. O'Neal was not in the course and scope of employment with F.H.F. at the time of the motor vehicle accident. Subsequently, on June 26, 2006, all claims against State Farm, F.H.F., and the succession of B.F. O'Neal were dismissed with prejudice, after settlement and compromise. The action against La. Farm Bureau for claims under policy number C707173, issued to F.H.F., was also dismissed, while plaintiffs specifically reserved any and all rights or claims against La. Farm Bureau under policy number C707172, issued to B.F. O'Neal. Therefore, La. Farm Bureau remains as the sole defendant.
The Ford F-150 truck which Mr. O'Neal was driving was owned by F.H.F. F.H.F. was the family farm inherited by B.F. O'Neal's wife, Nancy O'Neal. The limited liability company, formed in August of 1993, was composed of five members, including Nancy O'Neal and her four children. Although B.F. O'Neal was not a member and received no interest in the limited liability company, he was the registered agent and manager of F.H.F. As manager, Mr. O'Neal arranged for the purchase of the truck and thereafter procured insurance on the vehicle which was insured under La. Farm Bureau policy number C707173.
At the time of the accident, the policy numbered C707172 was B.F. O'Neal's personal policy of liability insurance with La. Farm Bureau. The "insured" under the policy included Mr. O'Neal and any relative of his household. The policy listed the following vehicles under its coverage: a 1982 Chevrolet van, a 1997 Lincoln Town Car, a 1991 Lincoln Town Car, and a 1984 Cadillac Fleetwood. This policy insured Mr. O'Neal for any property and bodily injury damages he became legally liable for while operating a motor vehicle. Specifically, the policy stated that La. Farm Bureau agreed:
To pay on behalf of the insured all sums, except punitive damages, which the insured shall become legally obligated to pay as damages:
Coverage Abecause of bodily injury sustained by any person, and
Coverage Bbecause of injury to or destruction of property, caused by accident and arising out of ownership, maintenance or use of any automobile, including loading and unloading thereof;
However, the policy contained the following disputed exclusion:
THIS POLICY DOES NOT APPLY:
* * *
(b) under any of the coverages for automobiles owned or furnished for the regular use of any member of the insured *1107 household, unless shown on the declaration.... (emphasis supplied)
La. Farm Bureau denies coverage based upon this policy exclusion. It claims that Mr. O'Neal used the 1997 Ford F-150, undeclared in the above policy and owned by F.H.F., for his regular use and thus coverage under the policy was excluded. Conversely, the Whithams contended that the policy exclusion was inoperable because on the day of the accident, Mr. O'Neal was driving the truck to a Sunday gathering, which they argued did not constitute a regular use of the truck.
Both Nancy O'Neal and Dr. Barron O'Neal, the O'Neals' son, testified by deposition regarding the use of the truck. Both stated that the truck was available for use by any member of the family, including B.F. O'Neal, unless it was already being used by another member. Permission to use the truck was implicit. No single family member possessed a personal set of keys to the vehicle; rather, whoever possessed the truck at the time also maintained the keys. Maintenance of the truck was charged to the person who possessed the vehicle at the time of a needed repair. The costs of such repairs would then be assessed to F.H.F. The truck was used for a variety of purposes and was often, but not exclusively, utilized for farm work, including the hauling of feed and supplies to the farm. Mrs. O'Neal testified that on the day of the accident, her husband obtained the truck in order to carry a large ice chest to the weekly Sunday gathering at the farm.
On June 1, 2009, a bench trial was held on the sole issue of coverage, based on the deposition testimony of witnesses, documentary evidence, and arguments of counsel. The trial court rendered judgment in favor of La. Farm Bureau. The court made the following observation:
This is a very unusual case because of the very loose way that the O'Neal family allowed the vehicle to be used but I think that does fall within the term. Regular use does not have to be strict rules laid down. It is the way they did business according to the depositions.
On June 15, 2009, a judgment was signed dismissing La. Farm Bureau from this suit. Plaintiffs now appeal this judgment.

Discussion
In an action under an insurance contract, the insured bears the burden of proving the existence of policy and coverage. The insurer, however, bears the burden of showing policy limits or exclusions. Tunstall v. Stierwald, 01-1765 (La.2/26/02), 809 So.2d 916.
An insurance policy is a contract between the parties and should be construed using ordinary contract principles. McFarland v. Southern Farm Bureau Cas. Ins. Co., 39,612 (La.App.2d Cir.5/11/05), 902 So.2d 1207, writ denied, 05-1564 (La. 1/9/06), 918 So.2d 1045. The parties' intent, as reflected by the words of the policy, determines the extent of coverage. Id. An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Id. However, if after applying the other rules of construction an ambiguity remains, the ambiguous provision is to be construed against the drafter and in favor of the insured. Id.
The jurisprudence of Louisiana has held that the purpose of the type of exclusionary clause involved here is to exclude from coverage non-owned automobiles over which the insured has "general authority of use." Curry v. Taylor, 40-185 (La.App.2d Cir.9/21/05), 912 So.2d 78; *1108 O'Neal v. Blackwell, 00-2014 (La.App. 1st Cir. 11/14/01), 818 So.2d 118. The phrase "available for regular use" encompasses the vehicle which is accessible, obtainable and ready for immediate use. Chon v. Allstate Ins. Co., 522 So.2d 690 (La.App. 5th Cir. 1988). The phrase "furnished for regular use" means that the vehicle is provided, supplied or afforded to the individual according to some established rule or principle or used in steady or uniform course, practice or occurrence as contrasted with being furnished for use only on casual, random, unpredictable or chance occasions. Brouillette v. Fireman's Fund Ins. Co., 163 So.2d 389 (La.App. 3d Cir. 1964), writ denied, 246 La. 594, 165 So.2d 485 (1964).
From the above interpretation of this policy exclusion, the use of a vehicle owned by a driver's fiance was held not to constitute regular use when the driver infrequently used the vehicle and could only do so with special and specific permission from the owner each time she took the car. Moreau v. Keller, 144 So.2d 281 (La.App. 4th Cir.1962). Likewise, the use of a truck to occasionally run errands or for personal use with specific authorization by the owner was held not to constitute regular use. Taylor v. State Farm Mut. Auto. Ins. Co., 171 So.2d 816 (La.App. 3d Cir. 1965), aff'd, 248 La. 246, 178 So.2d 238 (1965). In contrast, the use of a vehicle to go back and forth to school five days a week when the driver had a set of keys and could use the automobile whenever she wanted with standing permission has been held to constitute regular use. Horridge v. Cooney, 405 So.2d 1276 (La.App. 4th Cir.1981). Additionally, the use of a company vehicle by an employee, who was free to use the vehicle in any way he saw fit, including personal, business, and social purposes, was held to be furnished for his regular use. Romano v. Girlinghouse, 385 So.2d 352 (La.App. 1st Cir.1980).
Because La. Farm Bureau is relying on an exclusionary provision in the policy, it has the burden of showing that the exclusion applied in this case. Such a burden required La. Farm Bureau to show that the F-150 truck was "furnished for regular use" by B.F. O'Neal. The truck was not owned by Mr. O'Neal but by the family limited liability company over which he held managerial control. To that extent, the separate entity furnished the vehicle to Mr. O'Neal and the record indicates that he regularly used the truck for the farm-related activities of F.H.F. and his personal matters.
The depositions of Nancy O'Neal and Dr. Barron O'Neal, discussed above, establish that B.F. O'Neal did have regular use of the F-150. Although Mr. O'Neal did not exclusively possess a set of keys to the truck, no one held such possession. As manager of F.H.F., Mr. O'Neal had standing permission to use the vehicle and the only time he would not have access to the vehicle was when another family member was already using the truck.
Although plaintiffs submit that on the day of the accident the truck was being used for personal use, rather than farm business, the record indicates that the limited liability company allowed its vehicle to be regularly used for both the farm and personal business of the family members. Because no individual member of the family was authorized to maintain exclusive use of the truck, the truck was available for each family member's general use. The relevant inquiry under the Louisiana jurisprudence is whether Mr. O'Neal had general authority of use of the vehicle or was furnished the vehicle for use in steady, uniform course or practice. Curry v. Taylor, supra.
Accordingly, we find no manifest error in the trial court's determination that the *1109 vehicle driven by Mr. O'Neal on the day of the accident was made available to him by F.H.F. for regular use. Thus, La. Farm Bureau has carried its burden of showing that the exclusionary language applied to the facts of this case.

Conclusion
For the foregoing reasons, we affirm the judgment of the trial court. Costs of these proceedings are assessed to appellant.
AFFIRMED.